ANNA LIST v. CHARLES JOCKHECK.

JUDGMENT, *Petition to Vacate — Order, Not Final.* Where, under ¶¶ 4669 and 4671 of the General Statutes of 1889, a petition is filed to vacate a judgment, and the court makes an order vacating the judgment temporarily, such order is not final, and error will not lie therefrom.

*Error from Shawnee District Court.*

THE opinion states the case.

*W. A. S. Bird*, for plaintiff in error.

*David Overmyer*, for defendant in error.

Opinion by STRANG, C.: This action was brought under the fourth subdivision of ¶ 4669, General Statutes of 1889, and pursuant to the provisions of ¶ 4671 of the same stat-

utes. The object of the action was to vacate a judgment pending in the court of Shawnee county in favor of this plaintiff, and against this defendant. The case was tried, as is provided, by the court without a jury, March 3, 1887, resulting in an order vacating temporarily the judgment complained of, allowing the defendant to answer, and again setting the cause for trial. This plaintiff objected to the order of the court vacating the original judgment, and comes here with a case-made asking this court to review said order. The defendant, by his counsel challenges the right of the plaintiff to have said order reviewed in this court, before the case is disposed of in the court below. His position is that the order complained of is not a final order; nor an order from which error will lie.

The proceeding in this case was not under ¶ 4405, General Statutes of 1889, for a new trial; nor under any other paragraph of our code providing simply for a new trial; but under the paragraph which relates to the proceedings to reverse, vacate or modify judgments and orders in the courts in which they are rendered. This paragraph provides for reversing or vacating judgments, first, by a new trial under § 310 of the code of civil procedure; and second, by a new trial under § 72 of the code; and also provides, third, for vacating judgments for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order; and fourth, for vacating a judgment obtained by fraud practiced by the successful party in obtaining the judgment or order.

An examination of the statutes satisfies us that the order complained of was not, strictly speaking, the granting of a new trial. It was an order vacating temporarily a judgment had in a case, for the purpose of letting the defendant therein interpose his defense, which he says he was prevented from making by the plaintiff in said cause. It would seem from the character and effect of the order that it was not final. The order simply opens the judgment and lets the defense in. The plaintiff is not required to make his case over again as in a new trial. His case stands, and if the defense fail, his

judgment is unaffected by the proceeding.  The vacation of the judgment is not absolute, but merely temporary — the lien thereof remaining undisturbed all the while if the defense fail.

Further proceedings must be had, the defense must be heard, before the status of the judgment is finally determined, and until it is determined, there is nothing from which error will lie.

It is therefore recommended that this case be dismissed.

By the Court: It is so ordered.

All the Justices concurring.