ANNA LIST v. CHARLES JOCKHECK.

No. 10300.

1. APPELLATE PROCEDURE—*to review question whether matter in supplemental answer permitted under § 568 of Code was determined on hearing of same party's motion for new trial, previously overruled, and suspension of judgment therefore erroneous, record must contain all the proceedings.* In a case in which verdict and judgment were rendered for the plaintiff, and the defendant's motion for new trial was overruled, and afterwards upon proceedings instituted by him under section 568 of the Civil Code (section 601 of the Code as contained in the General Statutes of 1897), the judgment was temporarily vacated to allow the filing of a supplemental answer alleging facts which occurred prior to the order overruling the motion for new trial, the question whether such new matter had been litigated and determined upon the hearing of the motion for new trial, and whether because thereof the order temporarily vacating the judgment had been erroneously made, can only be determined from the record of the whole case, including that of the interlocutory proceedings in which the judgment was vacated.

2. TWO CASES TRIED AT SAME TIME—*one by a pro tem., the other by the regular judge, no objection, defeated party not prejudiced cannot complain; and trial by regular judge void if either is.* While a district court is a single judicial body, and

cannot be divided into two or more parts presided over by two or more judges, yet, where a case is tried before a judge *pro tem.*, and at the same time the regular judge also holds court and tries cases, and the defeated party in the case before the judge *pro tem.* makes no objection to the division of the court into two tribunals, he will not afterwards be heard to complain without a showing that he was in fact prejudiced by such irregular proceeding; and held further, that if in such case the proceedings of either court are void or erroneous they are those of the one presided over by the regular judge.

3. ERROR WAIVED—*by moving pro tem. judge for judgment on the special findings by jury, received by regular disqualified judge and corrected by jury made under his direction.* Where the judge of the district court is disqualified to try a case, and it is tried before a judge *pro tem.* but in his absence the regular judge receives and announces the verdict and findings of the jury without objection, and upon the motion of the defeated party the regular judge causes the jury to correct their answers to some of the special questions, and afterwards upon the return to the bench of the judge *pro tem.* the defeated party moves for judgment upon the special findings, he will be held estopped from complaining of the action of the regular judge in receiving and announcing the verdict and findings of the jury.

Error from Shawnee District Court. J. G. Slonecker, Judge *pro tem.* Opinion filed March 5, 1898. *Affirmed.*

*W. A. S. Bird,* for plaintiff in error.

*S. B. Isenhart,* for defendant in error.

DOSTER, C. J. The history of this case as shown by the record before us, and known to us through the record of other phases of it is as follows :

In May, 1885, the plaintiff in error recovered a judgment against the defendant in error for damages for wrongfully causing the death of her husband. On the trial the defendant offered evidence tending to prove that he had effected a settlement of the case with the plaintiff and had secured from her an agreement of dismissal. This evidence was rejected for the

reason, as we assume, that no pleadings appropriate to the issue thus raised had been filed. Upon the rendition of judgment against him, the defendant moved for a new trial upon the ground, among other things, that he had effected a settlement of the case, and had secured from the plaintiff an agreement of dismissal which she had violated by forcing the action to trial. This motion was overruled, and the defendant made and procured a settlement of the case for this court. This, however, was never filed.

Subsequently the defendant instituted proceedings under section 568 of the Civil Code, being section 601 of the Code as revised and contained in the General Statutes of 1897, to vacate the judgment which had been rendered against him. Under these provisions and in conformity to the practice in such cases, the judgment was temporarily vacated to allow the defendant to show why it should be finally set aside. From the order of temporary vacation made upon this interlocutory proceeding, the plaintiff prosecuted error to this court which held that the order of vacation was not final in its nature, and therefore error would not lie therefrom. *List v. Jockheck*, 45 Kan. 349, 748; 27 Pac. 184. After the temporary vacation of the judgment, the defendant filed a supplemental answer alleging the previous settlement of the case, the agreement of dismissal entered into by plaintiff, and her refusal to abide by its terms. To this answer the plaintiff filed a reply admitting the execution of the papers in settlement and dismissal of the case, and alleging that the same were procured from her by the fraud and deception of the defendant, and also pleading the former trial and proceedings in bar. Upon the issues arising upon this supplemental answer and the reply to it, the case was tried to a jury which returned a

10—59 KAN.

general verdict and special findings of fact in defendant's favor. The case has been again brought to this court upon claims of error occuring upon the last mentioned trial. The principal of these claims are as follows: *First*, the court wrongly imposed upon the plaintiff the burden of proof, by requiring her to establish the allegations of fraud contained in her reply, and also an allegation in the reply of the agency for the defendant of a certain person who induced her to make the settlement. *Second*, error in holding that the defendant, having accepted the benefits of the efforts of this claimed agent, was not, because thereof, estopped to deny the agency. *Third*, in the rejection of certain offered testimony. *Fourth*, the admission in evidence of the agreement of settlement and dismissal. *Fifth*, refusal to give certain instructions asked by plaintiff, and the giving of certain other instructions. *Sixth*, in overruling plaintiff's motion for judgment on the pleadings. *Seventh*, in rejecting plaintiff's evidence of former adjudication. *Eighth,* in overruling plaintiff's motion for new trial. Some of these claims of error are argued under sub-heads and minor divisions. We have given careful attention to all of them. None of them are tenable. The last two only need be specially noticed.

It is urged that the record shows a trial, verdict and judgment for plaintiff, motion for new trial, the overruling of the same, and the making by defendant of a case for this court, and that many years afterward the defendant, without any showing of cause filed a supplemental answer and brought on for trial the issue of the making of an agreement for the settlement and dismissal of the case, an issue which had been litigated and determined on the motion for new trial; that the ruling upon such motion for new trial was *res judicata* and could not again be

made a subject of controversy, and that it was error to reject the plaintiff's offer of evidence in proof of such former adjudication.

It will be perceived that this claim of former adjudication involves a consideration of the ruling of the court below temporarily vacating the judgment by the interlocutory proceeding brought therefor. It may be admitted that the question of the defendant's fraud in procuring the making of the agreement of settlement and dismissal of the case was involved in his motion for new trial, and that the order overruling such motion until vacated was *res judicata*, but the conclusiveness and continuation of effect of such order must give way to the subsequent order.

1. Record must contain all proceedings when.

The interlocutory proceeding brought to temporarily vacate the judgment and to let in the defendant's new defense under his supplemental answer, could not have been made if the order refusing a new trial was to continue in effect. The rightfulness of the order refusing the new trial was therefore involved in the interlocutory proceeding, and the question of its effect as *res judicata* can only be determined by an examination of the record of that proceeding. All that was decided when that interlocutory proceeding was before this court for review, *List v. Jockheck*, supra, was, that the order of temporary vacation and leave to the defendant to open the case anew, could not be reviewed until the new issue had been tried and the plaintiff had suffered an adverse judgment. This has now occurred, and if the case as now presented contained the record of the interlocutory proceedings, the effect of the court's order overruling the motion for new trial could be considered, but the record of those proceedings is not before us. They were not offered in evidence by the plaintiff. We do not have for con-

sideration a claim of error predicated upon the rejection of this record. The claim of error that is made is predicated upon the rejection of the record of the case down to and including the order overruling the motion for new trial. We cannot determine that the order overruling the motion for new trial was rightly made and should therefore stand, because we do not have before us the record of the subsequent proceedings which resulted in the vacation of such order.

We cannot hold the order overruling the motion for new trial to be *res judicata*, because we know it has been vacated, and we cannot hold the order vacating it erroneous, because we do not have before us the record of the order of vacation. It is said that we do not judicially know that such order of vacation was made, because the record of such vacation is not before us. This is a mistake. While we do not have before us the record of the interlocutory proceeding containing the order of vacation, yet, the record that is before us contains two distinct rulings by the trial judge stating that such order of vacation was made. This is sufficient to impart knowledge to us judicially. Upon the trial under the supplemental answer and reply, the plaintiff offered in evidence the case made for this court by the defendant after the overruling of his motion for new trial. This offer was rejected, and rightly so. If received it would have proved nothing more than the occurrence of the proceedings prior to the temporary vacation of the judgment. It would not have proved that the judgment should not have been vacated. The same may be said of some fragmentary portions of the record of the case-made which were also offered. Had they been received they would have proved nothing more than the occurrence of some of the former proceedings and the making of some of the former orders.

They would not have proved that such orders were still in force or of binding effect. This offered evidence in connection with the record of the interlocutory proceedings, would have been admissible upon this, the final, trial of the case to show that the judgment should not have been temporarily vacated to enable the defendant to plead and prove the agreement of settlement and dismissal, because the making of such settlement and agreement of dismissal had been involved in the decision of the motion for new trial; but without the record as a whole the offer of the parts in question was rightly rejected.

The plaintiff showed upon her motion for new trial of this case that it was tried before a judge *pro tem.*; that at the same time the regular judge held court in an adjacent room, and tried other cases and disposed of other proceedings on the docket; that the judge *pro tem.* vacated the bench after the final submission of the case to the jury, and that the regular judge, who was disqualified on account of having been a former counsel, received and announced the verdict of the jury. It is contended first that the district court is a unit, a single tribunal, and cannot divide itself into parts and simultaneously conduct proceedings in a dual capacity.

If the record showed that the plaintiff had objected to this division of judicial authority it would present a serious question, but it does not appear that such objection was made, besides the question may well arise as to which of these judges was rightfully in the exercise of the authority to hold court. It would seem that, if the proceedings of either one should be declared void or even erroneous, it would be the proceedings before the regular judge. He having knowledge of his disqualification to try the case in question, and hav-

2. Two cases tried at same time—defeated party cannot complain, when.

ing given way for its trial before a judge *pro tem.*, should take notice of the fact that he was temporarily out of the exercise of his judicial authority, and should know that until the business which justified his temporary retirement from the exercise of his functions had been dispatched, he was disqualified from holding his court. In the interim his judicial authority would be in suspension, so that if objection had been made by the litigating parties that authority could not have been exercised.

The claim that the verdict and findings were wrongly received by the regular judge upon the retirement of the judge *pro tem.* cannot, under the circumstances as disclosed by the record, be entertained. No objection was made by the plaintiff or her counsel to this reception of the verdict and findings, nor was any attempt made to show that she was in fact prejudiced thereby. On the contrary the record shows that upon the announcement of the findings the plaintiff's counsel moved the court, then presided over by the regular judge, for more definite and specific answers by the jury to some of the special questions submitted. This motion was sustained. The jury were required to return corrected answers to the questions, and after the verdict and corrected findings had been received and filed, and the judge *pro tem.* had resumed jurisdiction over the case, the plaintiff's counsel moved for judgment in his client's favor upon the findings notwithstanding the general verdict. The plaintiff for these reasons is estopped from questioning the regularity of these proceedings.

The judgment of the court below is affirmed.

3. Error waived by motion to regular judge where tried by judge pro tem.