## TOWN OF BYARS V. SPROULS.

No. 167.   Opinion Filed July 13, 1909.

(103 Pac. 1038.)

**APPEAL AND ERROR—Orders Appealable—Vacation of Judgment.**
Where, pursuant to Wilson's Rev. & Ann. St. 1903, sections 4760, 4761, an order is made to set aside a judgment of the district court affirming the judgment of a mayor's court for failure to prosecute for irregularities in obtaining said judgment of the district court, said order is not final, and error' therefrom will not lie.

(Syllabus by the Court.) '

_Error from District Court, McClain County; R. McMillian, Judge._

J. H. Sprouls was convicted of violating an ordinance of the town of Byars, and, having appealed, judgment of affirmance for ·want of prosecution was rendered, which was thereafter set aside on motion, from which order the town appeals.   Dismissed.

_J. B. Thompson_, for appellant.
_Duke Stone_, for appellee.

TURNER, J.   On October 22, 1907, J. H. Sprouls, defendant in error, was arrested and the next day was tried, convicted, and fined in the mayor's court of the town of Byars for violating an ordinance of said town.   The next day he filed affidavit and bond, and prayed and was granted an appeal to the United States Court for the Indian Territory, Southern District, at Purcell, which met in regular term at that place on November 11, 1907, and continued to hold until November 13, 1907, when it adjourned. ·On December 12, 1907, said Sprouls having failed so to do, plaintiff in error by leave of court caused to be filed and docketed in said court a transcript, together with all the papers and process filed before the mayor of said town in said cause, and moved the court to affirm said judgment of the mayor of the town of Byars for the reason that defendant had failed to prosecute his said appeal with due diligence, which was done.   After said term had

adjourned, to wit, on January 30, 1908, and during vacation, defendant filed a motion based upon the third ground mentioned in Wilson's Rev. & Ann. St. Okla. 1903, § 4760, alleging irregularities in obtaining said judgment, and prayed that the same be set aside. On March 9, 1908, on a day in the next regular term of said court at said place, after hearing said motion on an agreed statement of facts the same was by the court sustained, and said judgment set aside, from which said order setting aside said judgment plaintiff in error, said town of Byars, appeals. The only question necessary for us to determine is: Is this an appealable order? We think not, as the same is not a final order, but interlocutory.

This proceeding was brought under sections 4760, 4761, Wilson's Rev. & Ann. St. Okla., which were adopted from Kansas and are identical with sections 4669 and 4670 of the General Statutes of that state of 1889. In *List v. Jockheck*, 45 Kan. 349. 27 Pac. 184, proceedings were brought under the fourth ground of said section 4669 to vacate a judgment pending in district court of Shawnee county in favor of the plaintiff and against the defendant therein. The cause was tried by the court sitting as a jury, which resulted in an order vacating the judgment complained of and allowing defendant to plead and setting the cause for trial. The object of the appeal was a review of that order. Defendant contended that said order was not final, and therefore not appealable, and in this contention the court concurred, saying:

"An examination of the statute satisfies us that the order complained of was not, strictly speaking, the granting of a new trial. It was an order vacating temporarily a judgment had in a case for the purpose of letting defendant therein interpose his defense, which he says he was prevented from making by plaintiff in said cause. It would seem from the character and effect of the order that it was not final,"—
and dismissed the case. This case, to say the least, is highly persuasive on this court, and we feel constrained to follow it.

In *Dunkelmann v. Brunnell,* 44 Ill. App. 438, the action was originally brought before a justice of the peace, and, while pend-

ing, an appeal in the circuit court was reached on the docket on the last day but one of the term. On the calling of the same, defendant not appearing, it was dismissed "for want of prosecution." On a day in the next regular term defendant moved the court to set aside said order of dismissal, and, in support thereof, read affidavits showing an entry thereof by misprision of the clerk, whereupon said order was set aside and the appeal reinstated upon the docket. At the next term plaintiff, relying upon his position that this later order was void, made no appearance, and appealed from an order which dismissed his suit "for want of prosecution" and for costs. The Supreme Court held that the order setting aside said order of dismissal and reinstating said cause was merely interlocutory, and not appealable, that plaintiff's appeal brought up the entire record, and reversed the cause, with directions to the trial court to set aside the order setting aside the order of dismissal of said appeal and reinstating it upon the docket.

We are therefore of the opinion that said order is not appealable, and that this appeal should be dismissed, and it is so ordered

All the Justices concur.