## W. L. Moody & Co. v. Freeman & Williams *et al.*

No. 627.   Opinion Filed September 14, 1909.

(104 Pac. 30.)

1. **APPEAL AND ERROR—Decisions Reviewable—Finality of Order.** An order made vacating a judgment for the purpose of permitting a party against whom said judgment is rendered to prosecute or defend is interlocutory, and not a final, order, from which an appeal will lie at the Supreme Court.

2. **JUDGMENT—Powers at Chambers—Setting Aside Judgment.** A judge at chambers possesses no jurisdiction to vacate judgments of the district court. Nor can jurisdiction for such purpose be conferred by agreement.

(Syllabus by the Court.)

*Error from District Court; Garvin County; R. McMillan, Judge.*

W. L. Moody & Co. secured a default judgment against Freeman & Williams and another. An order was thereafter made vacating the same and permitting defendants to defend, and plaintiff appeals. Appeal dismissed.

*Robert A. Rogers* and *Henry M. Carr,* for plaintiff in error. *J. B. Thompson,* for defendants in error.

Dunn, J.   Plaintiff in error, W. L. Moody & Co., secured on default a judgment against the defendants in error in the district court of Garvin county, Okla., on July 6, 1908. On August 19, 1908, the judge of the district court of Garvin county, at his chambers in another county, made an order, in which he found the defendant had a valid defense to the cause of action on which the judgment was rendered, and that it was due to the mistake and neglect of the clerk of the court that a certain motion prepared and left with him for filing was not filed or entered of record, and for that reason judgment by default was rendered in the cause. He therefore ordered that the same should be set aside and held for naught, and the defendant granted a new trial in the cause. It appears from this order that

the matter was heard by the judge at chambers by agreement of parties. Counsel for plaintiff filed a motion in the district court of Garvin county, asking the court to vacate the order, which set aside plaintiff's judgment, which was by the court denied. Counsel for plaintiffs have attempted to bring the case to this court for review by petition in error and case-made.

Counsel for defendants has filed a motion to dismiss this appeal, for the reason that the same is not a final order, is interlocutory, and no appeal will lie therefrom. This motion must be sustained on the authority of the case of *Town of Byars v. Sprouls,* an opinion of this court delivered July 13, 1909, *ante,* p. 299, 103 Pac. 1038. As has been noted, the record discloses, also, that the district judge at chambers assumed to set aside the judgment theretofore rendered in the cause. This he was without authority to do, and his action in so doing was a nullity. 23 Cyc. 550; 17 Ency. of Law, 843; *Turner v. Foreman,* 47 S. C. 31, 24 S. E. 989; *Kime v. Fenner,* 54 Neb. 476, 74 N. W. 869; *Fish v. Thorp et al.,* 51 Neb. 1, 70 N. W. 498. Nor can jurisdiction for such purposes be conferred by agreement of parties. *In re Rex,* 70 Kan. 221, 78 Pac. 404. The appeal is accordingly dismissed.

All the Justices concur.