## AETNA BUILDING & LOAN ASS'N v. WILLIAMS *et al.*

### No. 1386.   Opinion Filed May 10, 1910.

### (108 Pac. 1100.)

**APPEAL AND ERROR—Setting Aside  Judgment—Appealable Order.**
An order setting aside a judgment by default on a cross-petition, rendered and entered at the same term, is interlocutory, and not final, and no appeal lies therefrom.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by the First National Bank of Ponca City against Nathaniel Williams and others. The Aetna Building & Loan Association, defendant, filed a cross-complaint. From an order setting aside a default judgment under the cross-complaint, the association brings error. Dismissed.

*James Q. Louthan,* for plaintiff in error.
*W. H. Moore,* for defendant in error.

TURNER, J. On December 12, 1908, the First National Bank of Ponca City, defendant in error, plaintiff below, sued Nathaniel L. Williams and Sara L. Williams to foreclose a mortgage given by them to secure a debt of $770.63, evidenced by promissory note dated January 12, 1906, on certain lots in Ponca City. Aetna Building & Loan Association, plaintiff in error, and the Ponca State Bank were made parties defendant. On January 11, 1909, the loan association filed a general denial, and by way of cross-complaint set up and prayed the foreclosure of a mortgage executed

to them by the same parties on the same property on January 24, 1903, to secure a note for $350. After demurrer thereto filed by said Williams and wife and overruled, they were given time to answer, which they failed to do, and, on June 23, 1909, the cause coming on to be heard, said association appeared and took judgment by default on its cross-petition against said bank and the Ponca State Bank and said Williams and wife, declaring said mortgage to be a first lien upon said land, and ordering the same sold to satisfy its mortgage debt. On the next day said Williams and wife appeared and moved to set aside said judgment, showing cause. On September 7, 1909, one of the regular days of the same term, pursuant to said motion, said judgment was set aside by the court, to which the loan association excepted, and brings said order to this court for review.

The motion to dismiss this proceeding in error, on the ground that said order is not a final order, and therefore not appealable, must be sustained. The law in this case is governed by the law as laid down by this court in *Town of Byars v. Sprouls,* 24 Okla. 299, 103 Pac. 1038, See, also, *Merle & Heaney Mfg. Co. v. Wallace et al.* 48 Neb. 886, 67 N. W. 883; *Smith et al. v. Livesey et al.,* 67 N. J. Law, 269, 51 Atl. 453; *Freeman Ad. v. Ambrose,* 12 Wash. 1, 40 Pac. 381; 2 Am. Eng. Law, 108, note 1; *McCulloch v. Dodge et al.,* 8 Kan. 476.

The petition in error is dismissed.

All the Justices concur.