### SMITH v. WHITLOW *et al.*

No. 3337. Opinion Filed May 14, 1912.

(123 Pac. 1061.)

APPEAL AND ERROR—Orders Appealable—Vacation of Judgment. Where, pursuant to Wilson's Rev. & Ann. St. 1903, secs. 4760, 4761, an order is made to set aside a judgment of the district court, said order is not final, and error therefrom will not lie.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by C. R. Smith against Paul Whitlow and others. Judgment for defendants, and plaintiff brings error. Dismissed.

. *Brown & Shelton*, for plaintiff in error.

*W. T. Ward* and *Sigler & Howard,* for defendants in error.

WILLIAMS, J. On August 26, 1910, the plaintiff in error, C. R. Smith, as plaintiff, commenced an action against the defendants in error, as defendants, by filing in the district court

of Carter county his petition, seeking to foreclose a certain mortgage lien on certain lands. The defendant in error, Mrs. John Finley, demurred to the plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action. Afterwards, on the 31st day of December, 1910, answer was made for the defendants therein, who were minors, by their guardian *ad litem,* and on the same day judgment was rendered against the defendants, foreclosing the mortgage lien. On April 15, 1911, an order of sale was issued. On May 6, 1911, the defendants, after notice, filed their petition to vacate said judgment and stay proceedings therein. On May 22, 1911, a petition was filed to correct said judgment. On May 22, 1911, the court, having heard the evidence, ordered that said judgment be corrected *nunc pro tunc.* On May 29, 1911, the court, after having heard the motion to vacate, sustained the same, and set aside said judgment.

The defendants in error move to dismiss this appeal, on the ground that it is not an appealable order.

In *Town of Byars v. Sprouls,* 24 Okla. 299, 103 Pac. 1038, this court said:

"This proceeding was brought under sections 4760, 4761, Wilson's Rev. & Ann. St., which were adopted from Kansas, and are identical with sections 4669 and 4670 of the General Statutes of that state of 1889. In *List v. Jockheck,* 45 Kan. 349, 27 Pac. 184, proceedings were brought under the fourth ground of said section 4669 to vacate a judgment pending in the district court of Shawnee county in favor of the plaintiff and against the defendant therein. The cause was tried by the court, sitting as a jury, which resulted in an order vacating the judgment complained of, and allowing the defendant to plead and setting the cause for trial. The object of the appeal was a review of that order. Defendant contended that said order was not final, and therefore not appealable, and in this contention the court concurred, saying: 'An examination of the statute satisfied us that the order complained of was not, strictly speaking, the granting of a new trial. It was an order vacating temporarily a judgment had in a case, for the purpose of letting defendant therein interpose his defense, which he says he was prevented from making by plaintiff in said cause. It would seem from the character and

effect of the order that it was not final'—and dismissed the case. This case, to say the least, is highly persuasive on this court, and we feel constrained to follow it. In *Dunkelmann v. Brunnell,* 44 Ill. App. 438, the action was originally brought before a justice of the peace; and, while pending, an appeal in the circuit court was reached on the docket on the last day but one of the term. On the calling of the same, defendant not appearing, it was dismissed 'for want of prosecution.' On a day in the next regular term, defendant moved the court to set aside said order of dismissal, and, in support thereof, read affidavits showing an entry thereof by misprision of the clerk; whereupon said order was set aside and the appeal reinstated upon the docket. At the next term, plaintiff, relying upon his position that this later order was void, made no appearance, and appealed from an order which dismissed his suit 'for want of prosecution' and for costs. The Supreme Court held that the order setting aside said order of dismissal and reinstating said cause was merely interlocutory, and not appealable, that plaintiff's appeal brought up the entire record, and reversed the cause, with directions to the trial court to set aside the order setting aside the order of dismissal of said appeal and reinstating it upon the docket."

In *W. L. Moody & Co. v. Freeman & Williams et al.,* 24 Okla. 701, 104 Pac. 30, the case of *Town of Byars v. Sprouls, supra,* was followed.

It follows that the appeal in this case must be dismissed. All the Justices concur.