## PIERCE COAL CO. *et al.* v. WALKER.

No. 4028.    Opinion Filed December 3, 1912.

(128 Pac. 493.)

**APPEAL AND ERROR—Final Judgment—What Constitutes.** An order made vacating a judgment for the purpose of permitting a party against whom said judgment is rendered to prosecute or defend is interlocutory and not a final order from which an appeal lies to the Supreme Court.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by W. M. Walker, a minor, by J. R. Walker, his next friend, against the Pierce Coal Company and another. Judgment for defendants, and from an order vacating the same they bring error. Dismissed.

*J. E. Whitehead,* for plaintiffs in error.

*W. T. Williams,* for defendant in error.

HAYES, J.   Defendant in error brought this action against plaintiffs in error in the court below to recover damages for personal injuries alleged to have been received while in the employment of plaintiffs in error. Plaintiffs in error filed their answer, denying the allegations contained in defendant in error's petition. Thereafter the cause was set down for trial, and defendant in error did not appear, and the court, without hearing any evidence on behalf of defendant, entered judgment by default against defendant in error. Thereafter defendant in error filed his motion to set aside and vacate the judgment and to reinstate the action, which motion was supported by affidavit. The court thereafter sustained the motion of defendant in error to reinstate the cause and set aside the judgment theretofore rendered. From the order of the court, reinstating the cause and setting aside and vacating the judgment theretofore entered, this appeal is attempted to be prosecuted.

Defendant in error has moved to dismiss the appeal, for the reason, among others, that the order is not a final order from which an appeal lies to this court. The motion should be sustained, for it is well settled by the decisions of this court that an order made vacating a judgment for the purpose of permitting a party against whom said judgment is rendered to prosecute or defend is interlocutory, and not a final order from which an appeal lies to the Supreme Court. *Maddle v. Beavers,* 24 Okla. 703, 104 Pac. 909; *Aetna Bldg. & Loan Ass'n v. Williams et al.,* 26 Okla. 191, 108 Pac. 1100; *W. L. Moody & Co. v. Freeman-Sipes Co. et al.,* 29 Okla. 390, 118 Pac. 134; *Smith v. Whitlow et al.,* 31 Okla. 758, 123 Pac. 1061.

The appeal is, accordingly, dismissed.

All the Justices concur.