### RAHL v. MARLOW STATE BANK *et al.*

No. 2798.    Opinion Filed April 4, 1913.

(131 Pac. 525.)

**APPEAL AND ERROR—Appealable Order—Setting Aside Default.** An order setting aside a judgment by default, and permitting the defendant to answer and make defense, is not appealable.

(Syllabus by Rosser, C.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by John Rahl against the Marlow State Bank and O. R. McKinney, cashier. From an order vacating a default judgment against the defendants, plaintiff brings error. Dismissed.

*E. E. Morris* and *Wilkinson & Morris,* for plaintiff in error.

*Burns & Setton,* for defendants in error.

Opinion by ROSSER, C. John Rahl brought an action against the Marlow State Bank and others, and obtained judgment by default against the Marlow State Bank on the 4th of April, 1910. On the 13th of May, 1910, this proceeding was begun for the purpose of having the judgment set aside. On the 12th of July the judgment was set aside, and this appeal is from the judgment or order setting aside the former judgment in the case of Rahl against the Marlow State Bank.

This is not an appealable order. The question has been before this court a number of times, and the question is well settled. *Low & Byars v. Sprouls,* 24 Okla. 299, 103 Pac. 1038; *Moody v. Freeman & Williams,* 24 Okla. 701, 104 Pac. 30; *Maddle v. Beavers,* 24 Okla. 703, 104 Pac. 909; *Aetna Building & Loan Ass'n v. Williams,* 26 Okla. 191, 108 Pac. 1100; *Moody v. Freeman-Sipes Co.,* 29 Okla. 690, 118 Pac. 134. The order setting aside the former judgment merely reopened the case for the purpose of permitting the defendant to make its defense.

The appeal should therefore be dismissed.

By the Court: It is so ordered.