## JENKINS v. BROWN *et al.*

No. 4372.   Opinion Filed April 27, 1915.

(148 Pac. 697.)

**JUDGMENT—Petition to Vacate—Verification—Jurisdiction.** After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Mayes County;*

*Preston S. Davis, Judge.*

Action by Patsy Jenkins against Clay Brown and others. Judgment for the defendant named, and plaintiff brings error. Reversed and remanded.

*James M. Gresham* and *H. E. Cunningham* and *Wm. W. Gresham,* for plaintiff in error.

RITTENHOUSE, C.   On June 18, 1910, the district court of Mayes county, Okla., entered a decree in favor of Patsy Jenkins, quieting title to certain lands in said county against Clay Brown, Bettie E. Brown, Joe C. Lindsey, and W. H. Keys, defendants below. On June 26, 1911, which was more than one year subsequent to the time said decree was entered, the defendant Clay

Brown filed in the original cause a petition to vacate the decree to which petition a demurrer was sustained. On the 13th day of October, 1911, the defendant Clay Brown filed an amended petition to vacate said decree, alleging therein that on the day the original cause was set for trial, the defendant Clay Brown was attending a trial in Chetopa, Kan., and that he was the only defendant knowing the facts in the case, and further alleging that defendant had a good and valid defense to said action, which was set up in an answer attached to the petition; that he instructed one of his codefendants, Joe C. Lindsey, to have the trial of the cause continued, and that said Lindsey informed Attorney L. B. Fant of the instructions of said Brown, but that said attorney made no effort to have the trial of said cause continued; that he did not know that said Attorney Fant was acting as his attorney, and that said attorney had no authority to announce ready or represent him in said cause, and prayed that said decree be vacated and new trial be granted. This petition was not verified as required by section 6096, Comp. Laws 1909 (section 5269, Rev. Laws 1910). On November 1, 1911, plaintiff filed a demurrer to the said amended petition to vacate the decree, upon the grounds: First, that said amended petition did not state facts sufficient to entitle defendant to the relief sought; and, second, that said amended petition did not substantially comply with the statute in such cases made and provided. The demurrer was overruled, and exceptions saved. Issues were joined, trial had, and resulted in a judgment in favor of the defendant Clay Brown. Motion for new trial was filed, overruled, and exceptions allowed, and the cause brought here for review.

The motion to vacate the judgment having been filed after the term at which the judgment was made, and being predicated upon subdivision 7, sec. 6094, Comp. Laws 1909 (subdivision 7, sec. 5267, Rev. Laws 1910), the petition to vacate the judgment rendered on June 18, 1910, should be verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action. The petition fails to substantially

comply with the statute, in, this:   That said petition is not verified by the plaintiff.  ·It is said in *Hill v. Williams,* 6 Kan. 17, in speaking of a petition filed under a similar statute:

"A petition which does not comply with the statute in setting forth each of these requisites is insufficient."

In *McAdams v. Latham,* 21 Okla. 511, 96 Pac. 584, the question was whether the probate court of Beaver county, at its May term, 1906, erred in sustaining the motion of defendant to set aside an order made and entered at the January term, 1906, of said court, granting a motion for a new trial.   This court held that it did, and in the syllabus said:   ·

"After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same."

In the case of *McKeel v. Howard,* 38 Okla. 422, 134 Pac. 44, Justice Turner, in writing the opinion says:

"Counsel for plaintiff in error contend that this is a substantial compliance with section 6096, Comp. Laws 1909 (Rev. Laws 1910, sec. 5269), *supra.*   Not so.   This for the reason that the 'petition' is not 'verified' by plaintiff, nor does it set forth the order sought to be vacated as thereby required."

The petition not having been verified, the same was not a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the judgment.

The cause should therefore be reversed and remanded.

By the Court:   It is so ordered.