### GILLIAM v. KALI-INLA COAL CO.

No. 8911—Opinion Filed May 21, 1918.

(173 Pac. 69.)

**Appeal and Error—Interlocutory Judgment—Statute.**

An order vacating a judgment, under sections 5267 and 5268, Rev. Laws 1910, is interlocutory and not a final order from which an appeal will lie.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by R. E. Gilliam, as administrator of the estate of Jess Gilliam, deceased, against the Kali-Inla Coal Company. From an order of the court vacating a default judgment, plaintiff brings error. Dismissed.

H. H. Smith, for plaintiff in error.

James B. McDonough, for defendant in error.

Opinion by RUMMONS, C. On April 17, 1916, plaintiff took judgment by default against the defendant for the sum of $20,-000. On April 22, 1916, the defendant filed its motion to vacate said judgment on the ground that no legal service of summons in said action had been served upon the defend-

ant, and that the defendant had no notice of the pendency of said action until after said default judgment had been rendered, and tendered with said motion its answer setting up a defense to the action of the plaintiff. Thereafter, at a succeeding term of said court and on August 12, 1916, the court sustained the motion, vacated the judgment and permitted the defendant to file the answer tendered. The plaintiff prosecutes this proceeding in error to reverse the action of the trial court in vacating said judgment.

The defendant moves to dismiss this appeal upon the ground that the order vacating the judgment is not an appealable order, being only interlocutory. That this motion is well taken has been several times determined by this court. In W. L. Moody & Co. v. Freeman & Williams, 24 Okla. 701, 104 Pac. 30, it is said:

"An order made vacating a judgment for the purpose of permitting a party against whom said judgment is rendered to prosecute or defend is interlocutory, and not a final order from which an appeal will lie to the Supreme Court."

See Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038; Berger Mfg. Co. v. School Dist. No. 10 of Muskogee County, 44 Okla. 436, 144 Pac. 1023; W. L. Moody & Co. v. Freeman-Sipes Co., 29 Okla. 390, 118 Pac. 134; Langston v. Thigpen, 33 Okla. 605, 127 Pac. 258; Aetna Bldg. & Loan Ass'n. v. Williams, 26 Okla. 191, 108 Pac. 1100; Smith v. Whitlow, 31 Okla. 758, 123 Pac. 1061; Rahl v. Marlow State Bank, 37 Okla. 170, 131 Pac. 525.

The proceeding to vacate this judgment was taken under sections 5267 and 5268, Rev. Laws 1910. The order of the trial court sustaining the motion to vacate the judgment, under the foregoing authorities, is not a final order from which an appeal will lie.

The petition in error should therefore be dismissed.

By the Court: It is so ordered.