**PENNSYLVANIA CO. v. POTTER et al.**

No. 10895—Opinion Filed Jan. 30, 1923.

Rehearing Denied March 3, 1925.

(Syllabus.)

**1. Judgment—Vacation at Subsequent Term —Statutory Procedure.**

While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court unless there is a substantial compliance with the terms of the statute.

**2. Judgment—When Void on Its Face.**

A judgment is void on its face when it requires only an inspection of the judgment roll to demonstrate its invalidity. Held, that the former judgment of the district court of Woods county was not void on its face.

**3. Appeal and Error—Supreme Court Jurisdiction—Statute.**

Section 5236, Rev. Laws 1910, provides as follows: "* * * The Supreme Court may also reverse, vacate, or modify any of the following orders of the county, superior, or district court, or a judge thereof: 1st, a final order; 2nd, an order * * * that grants or refuses a new trial."

**4. Same — Appealable Orders — Vacating Judgment and Granting New Trial.**

An order of the district court vacating and setting aside a judgment and granting the party a new trial as provided in section 5267, is an order granting a new trial within the meaning of section 5236, Rev. Laws 1910, and is an appealable order reviewable by this court.

**5. Same—Cases Overruled.**

The former decisions of this court referred to in the opinion wherein they announce the rule that an order vacating a judgment for new trial is not appealable are overruled.

Error from District Court, Woods County; F. B. Swank, Judge.

Petition to vacate judgment by Paul Potter, by E. V. Potter, his next friend, and R. E. Rader, guardian, against the Pennsylvania Company. From order vacating judgment, the latter brings error. Reversed and remanded.

E. H. Seneff and T. J. Womack, for plaintiff in error.

Robinett & Ford, for defendants in error.

McNEILL, J. On January 24, 1919, Paul Potter by E. B. Potter, his next friend, and R. E. Rader, as guardian, filed a pleading designated as a petition, application, and motion to vacate and set aside a judgment rendered in the district court of Woods county on the 3rd day of October, 1910, in favor of Paul Potter and against the Pennsylvania Company, which judgment had been fully paid by the defendant and satisfied. Notice of said petition or application was given to the Pennsylvania Company, a corporation, and J. T. Womack, attorney of record, by depositing two copies of the notice in the postoffice, one addressed to the attorney and one to the company. The petition is very lengthy and sets up facts very similar to those pleaded in the cases of Missouri Pacific Ry. Co. v. Lasca (Kan.) 99 Pac. 616, 21 L. R. A. (N. S.) 338, 17 Ann. Cas. 605, Leslie v. Proctor & Gamble Mfg. Co. (Kan.) 169 Pac. 193, L. R. A. 1918C, 55, and note, and Carroll v. Atl. Steel Co. (Ga.) 106 S. E. 908. The petition no doubt states facts which if proven would authorize a court to set aside the judgment for fraud.

The Pennsylvania Company made no response to the petition to vacate, and filed no written pleadings, but Mr. Womack, the attorney, appeared personally in open court and stated he appeared specially for the purpose of suggesting to the court that it had no jurisdiction to hear and determine the facts, and no jurisdiction of the person of the defendant Pennsylvania Company, for the reason no summons had been issued and served upon the defendant company as required by law. The company made no other appearance. The special plea of the defendant was overruled, and the petition or application came on for hearing, and the court sustained the petition and vacated the former judgment and granted Potter 20 days to file an amended petition. To reverse the order vacating the judgment, the defendant company has appealed to this court.

For reversal it is first contended that the district court of Woods county was without jurisdiction to set aside the judgment, for the reason it had no jurisdiction over the defendant company. Section 5267, Rev. Laws 1910, prescribes when the district court may vacate or modify its own judgment or orders at or after the term when said judgment was rendered. Section 5269, Rev. Laws 1910, provides that the proceedings to vacate or modify a judgment on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 or 9 of section 5267, Rev. Laws 1910, shall be by petition, verified by affidavit setting forth the judgment or order sought to be vacated and the grounds to vacate or modify the same. And further provides:

"On such petition, a summons shall be served as in the commencement of an action."

The grounds alleged in the petition to vacate said judgment are grounds that come within the provisions of subdivisions 4 and 5 of section 5267, supra.

This court in a long line of decisions has announced the following principle of law, to wit:

"While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same were rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court unless there is a substantial compliance with the terms of the statute."

See Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613; Freeman v. Bryant, 76 Okla. 51, 184 Pac. 76; Allen v. Gaston, 74 Okla. 320, 189 Pac. 183; Maston v. Chandler Bldg. & Loan, 61 Okla. 230, 157 Pac. 366; McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697.

In order for the trial court to acquire jurisdiction of the defendant before vacating the judgment it was necessary that service of summons be had upon the defendant company. This was not done, nor did the defendant company waive the service of summons or enter a general appearance. It necessarily follows that the court never acquired jurisdiction of the defendant to hear the petition to vacate, and the order of the court vacating said judgment is void.

The defendant in error, however, contends that the original judgment was void and that a void judgment may be set aside at any time upon motion as provided by section 5274, Rev. Laws 1910. This court has held that a void judgment within the meaning of this section of the statute is:

"A judgment which is void upon its face and requires only an inspection of the judgment roll to demonstrate its want of validity."

See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302; Baker v. Stonebraker, 32 Okla. 88, 121 Pac. 255; Condit v. Condit, 66 Okla. 215, 168 Pac. 456; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and cases therein cited.

The judgment roll does not disclose that the judgment sought to be vacated was invalid for any reason, nor does the petition to vacate allege that the same is invalid, except on the grounds of fraud in procuring it. The judgment sought to be vacated recites that both parties appeared in court, that the defendant had waived the issuing and service of summons and entered its voluntary appearance and filed a confession of judgment for the amount prayed for in plaintiff's petition. The judgment upon its face discloses the court had jurisdiction of the subject-matter and the parties, and is not void within the provisions of section 5274, Rev. Laws 1910, which provides a void judgment may be vacated at any time upon motion of the party or persons affected thereby.

It is next contended by defendant in error that the order of the court vacating and setting aside the judgment, which granted to defendant in error the right to file an amended petition and permitted him to have a new trial on the questions of facts involved, is not an appealable order, and therefore the appeal should be dismissed. This presents a more serious question, in view of the former decisions of this court, which

are not altogether in harmony. However, when the proper construction is placed upon the statute that specifies what are appealable orders, we think there can be no question that the order is appealable. The Legislature has specified what orders or judgments of the district court may be reviewed by the Supreme Court.

Section 5236, Rev. Laws 1910, provides as follows:

"* * * The Supreme Court may also reverse, vacate, or modify any of the following orders of the county, superior, or district court or a judge thereof: 1st. A final order. 2nd. An order * * * that grants or refuses a new trial. * * *"

The question for consideration is whether an order that vacates a judgment and permits the plaintiff to file an amended petition is an order that grants a new trial.

Section 5033, Rev. Laws 1910, defines a new trial as follows:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. * * *"

Said section further provides the manner and method of obtaining a new trial. Section 5035 fixes the method and time for filing the application for a new trial provided for in section 5033, which shall be by motion, and filed during the term of court. Section 5037 makes provision for filing a petition for new trial, but limits the time for filing said petition to not more than one year after the final judgment was rendered.

Section 5267, Rev. Laws 1910, authorizes the district court to vacate or modify its own judgment at or after the term. This section of the statute is divided into nine subdivisions. The first subdivision provides:

"By granting a new trial for the cause, within the time and in the manner prescribed in section 5035."

The second subdivision provides:

"By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728."

The third subdivision provides:

"For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order."

What construction is to be placed upon this third subdivision of the statute? Does not this subdivision, when considered with section 5268, which refers to this subdivision, mean the court may during term time, or thereafter, as provided in section 5268, vacate the judgment and grant a new trial, on account of mistake, neglect, or omission of the clerk, or irregularities in obtaining the judgment? When the judgment is vacated, the case stands for a new trial as if no judgment had been rendered.

The fourth subdivision is as follows:

"For fraud practiced by the successful party, in obtaining the judgment or order."

This subdivision, when construed in connection with section 5269, 5270, 5271, and 5274, authorizes the court to vacate its judgment in the manner and within the time fixed by the subsequent sections of the statute, supra, and grant the complaining party a new trial, on the ground of fraud practiced by the successful party in obtaining the judgment vacated. When the court makes an order vacating a judgment under this subdivision of the statute, the case stands as if no judgment had been rendered, and for a new trial, upon the issues joined, unless the court permits the pleadings to be amended or new pleadings filed.

That an order vacating a judgment for any of the causes specified in section 5267, Rev. Laws 1910, is an order that grants a new trial is apparent when considered in connection with the subsequent sections of the statute which relate to vacating judgments.

Section 5271 provides, in substance, as follows:

"A judgment shall not be vacated on motion or petition, until it is adjudged there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action. * * *"

This section in plain and unambiguous terms provides that the court will not vacate a judgment unless the defendant has a valid defense to the action, or if the plaintiff seeks to vacate the judgment, that he has a good cause of action. The purpose of the order vacating the judgment is to grant a reexamination in the same court of the issues of fact presented by the pleadings; providing there is a valid defense, the party has a right to have considered. Section 5270, Rev. Laws 1910, provides, in substance, before a court shall vacate a judgment, there are two issues of fact that must be found by the court: (1) Whether any grounds exist for vacating the judgment. (2) The validity of the defense to the cause of action. This section also anticipates the order which vacates the judgment grants a new trial, because the Legislature has provided the judgment shall not be vacated, even though obtained by

fraud or for some irregularity provided in section 5267, unless the party has a valid defense to the same, and one that he is entitled to have submitted to the court or jury upon a new trial.

The meaning of the statutes, in our judgment, appears clear, but the difficulty arises, not from the language of the statute, but by virtue of the former decision of this court. This court first considered whether an order vacating a judgment was an appealable order in the case of Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038. In that case this court held that an order vacating a judgment is not a final order, and not appealable, and based its decision upon the case of List v. Jockheck, 45 Kan. 349, 27 Pac. 184. This court in the opinion did not refer to the statutes, nor decide whether an order vacating a judgment was an order granting a new trial. The language used in the opinion of List v. Jockheck, supra, is misleading, for the reason the court in that case stated:

"Where a court makes an order vacating 'a judgment temporarily,' such order is not final, and appeal will not lie therefrom."

In the second paragraph of the syllabus it is stated that an order which vacates or suspends a judgment "temporarily," is not an order that grants or refuses a new trial. In our judgment the language and reasoning of the Kansas court is not susceptible to the construction placed upon it by this court in the case of Town of Byars v. Sprouls. The Kansas statute relating to vacating a judgment is identical with the Oklahoma statute, to wit, sections 5267 to 5274, inclusive, which relates to vacating judgments.

In order to correctly understand the decision of the Kansas case, supra, wherein it is stated that the order "vacating the judgment temporarily" was not a "final order" nor "an order that grants a new trial," it is necessary to ascertain the kind and character of an order the court was dealing with, and referred to as an order temporarily vacating a judgment. The statute makes no reference to nor does it authorize the court to set aside a judgment "temporarily." The question that was under consideration in the case of List v. Jockheck, supra, is made clear by reading the opinion of the Kansas court rendered on second appeal of that case, to wit, List v. Jockheck, 52 Pac. 420, where the history of the case is stated substantially as follows:

In May, 1885, List obtained judgment against the defendant for damages for wrongfully causing the death of her husband. Upon trial of the case to the jury, the defendant offered evidence to prove he had made a settlement with the plaintiff for said damages. The court rejected this evidence, for the reason the evidence offered tended to prove an affirmative defense, and said defense was not pleaded in the answer, therefore, the evidence was not competent to prove any issue raised by the pleadings. The jury returned a verdict for the plaintiff. The defendant filed a motion for new trial, which was overruled, and defendant made and procured a settlement of his case-made for the purpose of filing in the Supreme Court to reverse that judgment. The defendant failed to perfect his appeal or file the same in the Supreme Court. Sometime after the term expired, defendant filed a motion or petition to vacate the judgment, and, as grounds alleged what purported to be facts, to bring the proceeding under subdivision 4 of the statute, which is identical with section 5267, Rev. Laws 1910, of our statute. The petition to vacate the judgment came on for hearing, and when both opinions of the court are considered, it is apparent the court attempted to follow the section of the Kansas statute which is identical with section 5270, Rev. Laws 1910, of our statute and reads as follows:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defenses or cause of action."

It will be noted, this section of the statute permits the court to first hear evidence, and determine whether the evidence is sufficient to support the allegations of the motion or petition to vacate the judgment, and if the court decides the evidence is sufficient, he then hears and determines the validity of the defense. It is also clear from reading both opinions that the trial court first heard the evidence regarding the allegations of fraud, and decided the same was sufficient to justify the vacating of the judgment upon the grounds of fraud, and ordered the judgment vacated temporarily, until the court tried and decided upon the validity of the defense of the defendant. Whether this statute permits the court, after deciding the grounds to vacate the judgment are sustained, to temporarily vacate the judgment before deciding upon the validity of the defense was never discussed. When the court announced its decision upon the grounds to vacate, the court did vacate the judgment temporarily before determining whether there was any valid defense, and the plaintiff appealed from what was designated this temporary order of the court, and that is the order that is referred to as an order tem-

porarily vacating a judgment, and that was the order before the court in the case of List v. Jockheck, 45 Kan. 349, 27 Pac. 184, and referred to as being "an order vacating the judgment temporarily."

The question, before the Supreme Court of Kansas for consideration was not whether an order that vacates a judgment is a "final order," or an order that grants a new trial, but, on the contrary, was whether, when the court first decides that the grounds for vacating the judgment are sustained, can the party appeal from that portion of the order before the court decides whether the party has a valid defense? When we consider the opinion of the Supreme Court of Kansas on the first appeal in this light, it is to the effect that the order vacating a judgment was not effective until the court announced its decision upon both questions, to wit: (1) Was the judgment obtained by fraud? (2) Did the defendant have a valid defense to the cause of action? And it is only subject to one construction, and that is that an appeal would not lie from a decision upon the first question, but not until the trial court had decided both questions, and not until then was the decision final, nor would the temporary order amount to the granting of a new trial, but was an order suspending the judgment until the validity of the defense was determined. After the Supreme Court on the first appeal held an appeal would not lie from an order temporarily vacating a judgment, the lower court then proceeded to hear the question of whether the defendants had a valid defense, which was necessary to determine and required under sections 5270 and 5271, Rev. Laws 1910, before vacating the judgment, the Kansas statutes being identical with the above sections. The court then submitted this question to a jury, and held in favor of the validity of the defense. The opinions do not refer to the kind and character of order rendered on this hearing, but the only consistent order would be that it was an order vacating the judgment and granting defendant a new trial. This was the question involved in the second appeal. The Supreme Court of Kansas did take jurisdiction of this appeal, and decided the case upon its merits. There was no question raised about the last order not being an appealable order, and the force and effect of the last order was an order vacating a judgment and granting defendant a new trial.

This court, in the case of Town of Byars v. Sprouls, supra, after quoting from the case of List v. Jockheck, 45 Kan. 349, 27 Pac. 184, as follows:

"An examination of the statute satisfies us that the order complained of was not, strictly speaking, the granting of a new trial. It was an order vacating temporarily a judgment had in a case for the purpose of letting defendant therein interpose his defense, which he says he was prevented from making by plaintiff in said cause. It would seem from the character and effect of the order that it was not final".
—said:

"This case, to say the least, is highly persuasive on this court, and we feel constrained to follow it."

It is very evident from the above statement that this court did not consider the case of List v. Jockheck, 52 Pac. 420, nor is there any reference to that case in the opinion, nor that the same was called to the court's attention. The court assumed the order before the Kansas court in the first appeal in the case of List v. Jockheck was an order vacating the judgment, and not, as the court stated, an order vacating "temporarily" the judgment. We doubt very much whether there is such a thing as an order temporarily vacating a judgment, but that was the kind and character of an order that was before the Kansas court on the first appeal.

An examination of the cases appealed to this court involving this question discloses the trial court in no instance attempted to make an order temporarily vacating the judgment. The procedure followed in the Kansas cases was unusual, and the question involved, upon the first appeal, was not the question involved in any of the former decisions of this court. Therefore the Kansas decisions cannot be considered authority to sustain the law announced, because the order under consideration was not the same. Nor did the order under consideration in the Kansas case have the force and effect of granting a new trial, therefore it cannot be a controlling decision in a case that does actually grant a new trial.

The unsoundness of the rule that an order vacating a judgment and granting a new trial is not an appealable order is illustrated in the case of Moody & Co. v. Freeman & Williams, 24 Okla. 701, 104 Pac. 30. In that case a default judgment was entered against the defendant. Defendant filed a motion to vacate the judgment and alleged that the judgment was entered on account of mistake or neglect of the clerk, in that a motion was prepared and left with the clerk for filing, but had not been filed

by the clerk, and thereby the defendant was in default. This motion was taken up in a county other than where the case was pending, and an order made vacating the judgment and granting defendant a new trial. An appeal was taken from that order, and this court in the opinion stated as follows:

"He [the court] therefore ordered that the same [the judgment] should be set aside and held for naught and the defendant granted a new trial in the cause."

Motion was made to dismiss the appeal. This court dismissed the appeal on authority of Town of Byars v. Sprouls, for the reason the order vacating the judgment and granting a new trial was not a final order. This court did not refer to the statute which said that "an order which grants or refuses a new trial is an appealable order." This court in the opinion further held that the order vacating the judgment was void because made by the judge while outside of the county. The force and effect of this holding: (1) admits the order vacating the judgment was void, and (2) admits that it granted a new trial.

When this second fact is admitted, the decision is erroneous, because the statute provides that an order granting a new trial is an appealable order.

The reasonings reached in the former decisions are illogical. Why require the lower court to proceed and retry a case when the subsequent proceedings would be a nullity, because the trial court in the first instance had no jurisdiction to vacate the former judgment? When the order vacates the judgment and grants a new trial, why is not the order reviewable under the statute? The same condition exists in the case at bar. If the appeal in the instant case should be dismissed, the trial court would proceed with a new trial, all of which would be a nullity, because the order vacating the former judgment is void, because the court never acquired jurisdiction of the defendant as required by the statute, and had no authority to vacate the judgment.

There can be no justification for longer adhering to a line of decisions that in the first instance were based upon an erroneous construction of a Kansas case, and which former opinions fail to consider the statute that in plain and unambiguous language says:

"That an order that grants a new trial is an appealable order"
—especially when no property rights are involved, but simply a matter of procedure in determining what are appealable orders.

This court, in the case of Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697, assumed jurisdiction and reversed the order of the trial court vacating the judgment which granted a new trial, and in the case of Watkins Med. Co. v. Lizar, 78 Okla. 302, 190 Pac. 552. It is not disclosed from the record whether any question was raised in those cases regarding the fact whether an order vacating the judgment and granting a new trial was not an appealable order.

In the case of Chivers v. Board of Com'rs of Johnston Co., 62 Okla. 2, 161 Pac. 822, this court distinguished that case from the case of Town of Byars v. Sprouls by stating that the court vacated the judgment and ordered a new trial, and also enjoined the plaintiff from collecting the judgment. It would seem the injunction could have no force and effect, because the vacating of the judgment would prevent the collecting of the same.

In the case of Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 Pac. 175, this court departed from the rule to a certain extent and announced the rule as follows:

"A motion to vacate a judgment filed under the statute is an attack upon the validity of the judgment and the order of the court, either overruling the motion or vacating the judgment on the ground that it is void on its face, is a final order and judgment involving the merits of the action, to reverse which a proceeding in error may be prosecuted in this court."

And then states the weight of authorities holds that an appeal lies from a judgment void on its face. The court in that case also announced the rule:

"The motion to vacate is a statutory substitute [although not exclusive] for a bill in equity." Citing Stevirmac Oil & Gas Co. v. Dittman, 245 U. S. 210, 38 Sup. Ct. 116, 62 L. Ed. 248.

This court, however, in the above decision did not discuss whether an order vacating a judgment which granted the party a new trial was an order granting a new trial within the meaning of section 5236 of the statute. The conclusion reached, however is almost identical with the conclusion reached in the instant case.

This court in a long line of decisions has held that an order granting a new trial as provided in section 5033, Rev. Laws 1910, is an appealable order, and announced the rule governing said appeal as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, un-

less the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

See Richards v. Claxton, 79 Okla. 133, 192 Pac. 199.

This court, in the case of Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, held that an order granting a new trial based upon a petition for new trial as provided in section 5037, Rev. Laws 1910, was an order granting a new trial and appealable. This decision was reaffirmed in the case of Philip Carey Co. v. Vickers, 53 Okla. 569, 157 Pac. 299. There can be no valid or legal reason based upon the statute to hold that an order granting a new trial under sections 5033 and 5037, Rev. Laws 1910, is an order granting a new trial and appealable, and that the same kind and character of an order, based upon section 5267, Rev. Laws 1910, is not an order granting a new trial and not appealable. Under section 5033 this court has held "great discretion is allowed the trial court in granting a new trial." But the court is not clothed with any such discretion in granting a new trial under section 5267, Rev. Laws 1910, and subsequent sections of the statute, but the procedure in the statute must be followed to give the court jurisdiction, and the questions are tried as in an independent action.

The following cases of this court: Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038; Moody & Co. v. Freeman and Williams, 24 Okla. 701, 104 Pac. 30; Maddle v. Beavers, 24 Okla. 703, 104 Pac. 909; Aetna Bldg. & Loan Ass'n v. Williams, 26 Okla. 191, 108 Pac. 1100; Moody & Co. v. Freeman & Sipes Co., 29 Okla. 390, 118 Pac. 134; Smith v. Whitlow, 31 Okla. 758, 123 Pac. 1061; Rahl v. Marlow State Bank, 37 Okla. 170, 131 Pac. 525; Berger Mfg. Co. v. School Dist. No. 10, Muskogee Co., 44 Okla. 436, 144 Pac. 1023; Langston v. Thigpen, 33 Okla. 605, 127 Pac. 258; Laramour v. Campbell, 64 Okla. 321, 168 Pac. 216; Gilliam v. Kali-Inla Coal Co., 70 Okla. 84, 173 Pac. 69, in so far as they announce the rule that an order vacating a judgment and granting a new trial is not an appealable order, are overruled. An examination of the above cases discloses that in some instances the order vacating the judgment was an order made during the term, and controlled by the decisions which granted the court discretion in vacating the same, but were dismissed because the order granting a new trial was not an appealable order.

We therefore conclude that under the stat-ute an order which refuses to vacate a judgment and grant a new trial, and an order which vacates a judgment and grants a new trial as provided in section 5267, Rev. Laws 1910, are both appealable orders within the meaning of section 5236, Rev. Laws 1910, which provides:

"* * * The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior or district court or judge thereof. * * * 2nd. An order * * * that grants or refuses a new trial."

It must be borne in mind, however, that appeals from an order vacating a judgment and granting a new trial does not stay further proceedings in the trial court unless supersedeas is granted and allowed by the trial court or this court. See State ex rel. Hogan v. District Court, 25 Okla. 871, 108 Pac. 375; Cusher v. Ricketts, 72 Okla. 168, 179 Pac. 593.

For the reasons stated the judgment of the lower court is reversed and remanded, with directions to reinstate the former judgment.

KENNAMER, NICHOLSON, COCHRAN, and HARRISON, JJ., concur.