## MADISON et al. v. TREKELL.

No. 27504. Jan. 26, 1937.

J. P. Wishard, T. C. Knoop, and E. Blumhagen, for plaintiffs in error.

Ruble & Boatman, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff filed an action upon promissory note and to foreclose a mortgage. On the 25th day of January, 1935, the court dismissed the action for want of prosecution, and for the further reason that the cause had not been revived and the time for revivor had expired.

On the 20th day of April, 1936, the court revived the cause and vacated the order of dismissal and reinstated the cause. A motion to dismiss has been filed for the reason that an order which vacates and sets aside a former order of dismissal and reinstates the cause for trial is not an appealable order. The appeal must be dismissed. Early in the history of this court we declared it to be the rule that an order which sets aside a judgment and reinstates the cause for trial was not a final order. See Maddle v. Beavers, 24 Okla. 703, 104 P. 909; Byars v. Sprouls, 24 Okla. 299, 103 P. 1038; Vann v. Union Central Life Ins. Co, 79 Okla. 17, 191 P. 175; Haygood v. Pinkey, 112 Okla. 30, 239 P. 456.

Subsequent to this time that rule was changed to hold that an order vacating a final judgment and reinstating a cause for a new trial is an appealable order. Halliburton v. Williams, 166 Okla. 248, 27 P. (2d) 360; Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700; Lamme v. Skelton, 106 Okla. 214, 233 P. 705. It is still the rule that an order which sets aside a former order of dismissal and reinstates the cause for trial is not such an order as may be appealed from prior to the final determination of the cause upon its merits. In this connection see Attaway v. Watkins, 171 Okla. 102, 41 P. (2d) 914.

In the response to the motion to dismiss it is stated that whatever may be said

about the action of the court in setting aside its former order of dismissal and allowing the action to proceed, that part of the order relating to a revivor proceeding is an appealable order. In this connection see Attaway v. Watkins, supra.

The appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and HURST, JJ., absent.