ALBERT WISNER

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENT—*ordinance for special assessment need not state improvement is in city.* An ordinance for the improvement of a designated street, purporting to be passed by the council of a certain city, sufficiently shows that the improvement is within such city, although it does not so state in terms.

2. SAME—*effect of ordinance directing stay of special assessment.* The passage of an ordinance directing the stay of proceedings for a special assessment for a year, will not prevent judgment upon and enforcement of such assessment against a lot owner, where the council subsequently directs the letting of contracts and proceeds under the judgment of confirmation.

3. SAME—*several judgments for the same assessment.* Two or more judgments in relation to the same assessment for a public improvement may be entered, where objections are filed to only part of the real estate assessed. *Browning* v. *City of Chicago,* 155 Ill. 314, followed.

4. COURTS—*two judges of the county court may hold at same time.* Two judges may hold different branches of the county court in the same county at the same time. *Pike* v. *City of Chicago,* 155 Ill. 656, followed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an appeal from the judgment of sale rendered by the county court of Cook county, in favor of the county collector, upon the first and second delinquent installments of the assessment confirmed by the county court of Cook county on the 16th day of May, 1892, in a proceeding to assess the cost of constructing a main sewer, in accordance with the provisions of an ordinance of the city of Chicago adopted by the city council on the 14th day of March, 1892. The petition to assess the cost of said improvement was filed in the county court on the 12th day of April, 1892, and attached thereto was a certified copy of the ordinance. Commissioners to make an assessment of the cost of the improvement were ap-

pointed, who made a report, and an assessment roll was filed April 28, 1892, and all the preliminary steps required by law to give the court jurisdiction of the property and persons were taken. No objections to the assessment proceedings were filed by appellant, and a default and judgment of confirmation were entered against all not objecting.

The judgment order recited "that the commissioners heretofore appointed to make said assessment have complied with all the requirements of law as to posting and sending notices to the owners of the property assessed, and that due notice, as required by law, had been given of this application and of the making and return of the said assessment, and of the time for the final hearing therein, and no objection to said assessment having been filed, except as to the real estate described below," (which did not include real estate of appellant,) "and no defense thereto made, except on behalf of the owners of the real estate for which objections have been filed, it is ordered and adjudged by the court that a default be, and it is hereby, entered against each and all of the lots, blocks, tracts and parcels of land assessed and described in said assessment for said improvement, returned and filed in this court, to which no objections have been filed, and that said assessment, and all proceedings therein, be and the same are hereby confirmed, except as to the real estate described in objections on file," which did not include any objections on behalf of the appellant. Subsequently, on seven different days, there were at least seven judgments entered as to property of objectors other than appellant.

The ordinance begins, "Be it ordained by the city council of the city of Chicago," and recites the names of the streets through which the sewer was to be laid, and gives the boundaries of the district, but does not state the improvement is within the corporate limits of the city of Chicago.

At the time of the hearing, Judge George W. Brown, a county judge of DuPage county, was holding county court in the county of Cook at the same time as was the county judge of Cook county.

It is claimed that on the 27th day of July, 1893, the common council of the city of Chicago passed an order staying all proceedings in the above assessment for one year from that date, and that the proceeding for the collection of taxes was within one year.

JONES & STRONG, for appellant.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is insisted, first, that the county court had no jurisdiction in this case, because the ordinance did not definitely specify the improvement was within the city of Chicago. The ordinance is similar, in that respect, to that in the case of *Stanton* v. *City of Chicago,* 154 Ill. 23, and it must, on the authority of that case, be held sufficiently definite as showing the proposed work on streets was within the city of Chicago.

It is urged, secondly, that there was error in entering two or more final judgments in the case. On the authority of *Browning* v. *City of Chicago,* 155 Ill. 314, it must be held that it is not error to enter more than one judgment in a proceeding for special assessment to pay for a proposed improvement.

The third point upon which it is insisted that the proceeding was erroneous is, that the city council had passed an ordinance directing the corporation counsel to stay all proceedings for the special assessment for one year. When the judgment was entered and certified it was within the jurisdiction of the court, and became a lien upon the property assessed, and a direction by the

city council to the corporation counsel, not acted upon, cannot be set up by a third person to defeat the acts of the corporation counsel or the city council. The fact that the city council directed the letting of contracts and proceeded under the judgment of confirmation, is of itself evidence that they did not intend to carry out the proposed stay of proceedings. The direction did not stay the action of the collector nor affect the jurisdiction of the court to enter judgment on the delinquent list, and was not a bar thereto.

It is urged, fourthly, that Judge Brown, of DuPage county, was holding county court at the same time that the county judge of Cook county was so engaged, and that two county court judges cannot preside at the same time over different branches of the same court. That contention is disapproved of by this court in *Pike* v. *City of Chicago*, 155 Ill. 656, where it was held that two judges might act.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*