F. C. WELLS

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa June 15, 1895.*

COURTS—*two county judges may hold same court at same time.* The fact that a county judge is holding court in his own county does not preclude a county judge of another county from also holding a county court in the same county. *Pike* v. *City of Chicago,* 155 Ill. 656, followed.

APPEAL from the County Court of Cook county; the Hon. GEORGE BROWN, Judge, presiding.

ARTHUR B. WELLS, for appellant.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an application by the collector, to the county court of Cook county, for judgment against delinquent lands for unpaid special assessments. Wells, the appellant, filed objections, which were overruled, and judgment was entered ordering his lands to be sold.

The objections that are relied on by appellant in the prosecution of this appeal are these: "Because no judgment has ever been entered confirming the assessment roll against the property described in the advertisement of this application for judgment;" and "because the judgment of the county court confirming the assessment roll against said property is void because not rendered by the

judge of said county court, but rendered by George Brown, a judge of the county court of DuPage county."

The application for judgment against the lands was based on a judgment confirming the assessment roll against said lands, rendered on the third day of November, 1893, in the county court of Cook county, the Hon. George Brown, judge of the county court of DuPage county, presiding. The record shows that on the third day of November, 1893, the Hon. Frank Scales, the duly elected and sole judge of the county court of Cook county, was present in and held said court and tried causes, and entered a number of orders and judgments. It also shows that on the same day the Hon. George Brown, judge of the county court of DuPage county, also presided in the county court of Cook county, and likewise tried causes and entered a number of orders, and rendered a number of judgments, among which was the judgment confirming the assessment roll involved in this case. The contention of appellant is, that Judge Brown had no power or jurisdiction to preside in said court on that day and render the judgment confirming the assessment roll, at the same time that the county judge of Cook county was holding another branch of the county court of Cook county, and that therefore said judgment of confirmation was and is void, and cannot be the basis of a judgment for the sale of appellant's lands. The case of *Pike* v. *Chicago*, 155 Ill. 656, decides this contention against appellant. This case is governed by the *Pike case*.

The judgment of the county court is affirmed.

*Judgment affirmed.*