E. KELLOGG BEACH *et al.*

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa October 11, 1895.*

1. PUBLIC IMPROVEMENTS—*whether ordinance for special assessment is void, as providing for a double improvement.* A city ordinance cannot, as a rule of law, be held void as providing for a double improvement, because it provides for the laying of sewers on a number of different streets.

2. SAME—*ordinance need not state improvement is within city.* An ordinance for an improvement need not, in terms, state the improvement is within the city. *Stanton* v. *City of Chicago,* 154 Ill. 23, followed.

3. SAME—*several judgments may be rendered in special assessments.* Several judgments may be rendered against different properties in a proceeding for a special assessment. *Browning* v. *City of Chicago,* 155 Ill. 34, followed.

4. COURTS—*two county judges holding court at once.* Two county judges may hold different branches of a county court at the same time. *Pike* v. *City of Chicago,* 155 Ill. 656, followed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

WILLIAM B. KEEP, and I. T. GREENACRE, for appellants:

It is an axiom of the law that judgments entered without jurisdiction are void, and will be so held in collateral

proceedings.    *Scott* v. *People,* 142 Ill. 292; *Schertz* v. *People,* 105 id. 27; *Clark* v. *People,* 146 id. 348; *McChesney* v. *People,* 148 id. 222; *Murphy* v. *Peoria,* 119 id. 509; *Gage* v. *Nichols,* 135 id. 128; *Murphy* v. *People,* 120 id. 234.

The county court had no jurisdiction of the assessment proceeding, because the ordinance is void.    A valid ordinance is a necessary basis to the court's acquiring jurisdiction of the subject matter of an assessment. *Hyde Park* v. *Spencer,* 118 Ill. 457; *Ogden* v. *Lake View,* 121 id. 422; *Railway Co.* v. *Jacksonville,* 114 id. 562; *Kankakee* v. *Potter,* 119 id. 327; *Carlyle* v. *County of Clinton,* 140 id. 512; *Guild* v. *Chicago,* 82 id. 472; *Sterling* v. *Galt,* 117 id. 20.

JOHN F. HOLLAND, WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an appeal from a judgment for the sale of lands of the several appellants, rendered by the county court of Cook county in favor of the county collector, for the first and second delinquent installments of a special assessment by the city of Chicago for a system of sewers in Wentworth avenue and other streets.    The appellants interposed numerous objections to the entry of judgment, which were all overruled.

It is conceded, as, of course, under the provisions of the statute, it must be, that upon the application for judgment upon the assessment no defense or objection could be made or heard which might have been interposed in the proceeding for the making of the assessment or the application for a confirmation thereof.    But it is claimed, as held in *Scott* v. *People,* 142 Ill. 291, and other like cases, that if it is made to appear that the court, in confirming the assessment, had no jurisdiction to enter such judgment, the judgment is not conclusive of the irregularity of the assessment, but may, like any other judgment, be attacked collaterally by showing irregu-

larities in the proceedings by which it was attempted to be levied. The objections filed in the present case, therefore, seek, among other things, to attack the jurisdiction of the court to render the judgment of confirmation.

The facts are briefly these: The city of Chicago, on March 14, 1892, passed an ordinance for the construction of a system of sewers in Wentworth avenue and a number of other streets, and creating a district for that purpose, and also providing that the cost and expense may be defrayed by special assessment upon the property deemed to be benefited thereby. In pursuance of this ordinance a petition was filed in the county court, and commissioners were appointed by the court to make the special assessment contemplated by the ordinance. The assessment roll was returned to the county court April 28, 1892, and a rule being entered fixing a time within which objections to the confirmation of the assessment might be filed, a large number of objections were filed on behalf of various property owners, including the appellants. On May 16, 1892, judgment of confirmation by default was entered against all the property as to which no objections had been filed. Afterwards, separate trials were awarded to certain objectors. The cases of the remaining objectors were then classified into several classes and a separate trial was had as to each class, and as the result of each trial a judgment of confirmation of the assessment as to the lands involved in such trial was entered. Thus, as it is claimed, at least six different judgments were entered, and the judgment order in the present proceeding recites as many as six different judgments of confirmation in the original assessment proceedings.

It is insisted, in the first place, that the ordinance upon which the assessment was based is void, and the whole proceeding, therefore, without jurisdiction, because the improvement provided for is a double improvement. The ordinance, it is true, provides for the laying of sewers in a considerable number of streets; but that, of itself, does

not render the improvement double. (See *City of Springfield*
v. *Green,* 120 Ill. 269, where the ordinance provided for
paving a large number of streets in the city of Spring-
field, and it was held that the improvement was single.)
There is nothing in the record showing that the streets in
which the sewers are to be laid are not situated, in rela-
tion to each other, in such way as to make the improve-
ment single, and we cannot pronounce the ordinance void,
as a rule of law, because it provides for laying sewers in
various streets.

Another objection is, that the ordinance failed to suffi-
ciently state the location of the proposed improvement,
so as to show that it was' within the territorial limits and
jurisdiction of the city of Chicago. This objection is
settled and disposed of adversely to the contention of ap-
pellants by the case of *Stanton* v. *City of Chicago,* 154 Ill. 23.

It is also contended that the judgment of confirmation
is void because it was entered before Judge Brown, the
county judge of DuPage county, sitting as the judge of
the county court of Cook county, while Judge Scales, the
county judge of Cook county, was at the same time pre-
siding in that court. This point, also, is settled adversely
to the contention of the appellants by the decision in *Pike*
v. *City of Chicago,* 155 Ill. 656.

It is also objected that because there are several judg-
ments of confirmation, applicable, it is true, to different
tracts of land, all the judgments subsequent to the first
were rendered without authority of law, and are conse-
quently void, and that as the judgment of confirmation to
the assessment against the lands of the appellants was
rendered subsequently to one or more other judgments,
the court was without jurisdiction to enter that particu-
lar judgment. The question of the power of the county
court to enter more than one judgment of confirmation
in assessment cases was considered in *Browning* v. *City of
Chicago,* 155 Ill. 314, and the rule settled adversely to the
present contention.

Some other points are made, which, as we understand the record, have either no foundation in fact or are without substantial merits.

The judgment of the county court will be affirmed.

*Judgment affirmed.*