## PAINTER & CO. v. STAHLEY BROTHERS.

TRESPASS—UNINCLOSED LANDS—DAMAGES—RECOVERY BY TENANT—APPEAL AND ERROR.

1. In a suit by a tenant for a trespass resulting in a destruction of the grass and herbage on the leased land, the ordinary measure of damages is the value of the grass and herbage destroyed, that being the extent of the injury to the tenant's possession.

2. Where in a suit for trespass the alleged injury is the destruction of the grass and herbage growing on the land, the fact that plaintiff, after the trespass and during the same season, derived some grazing benefit from the land, either by using it himself or permitting others to do so, is material as bearing upon the extent of the injury and amount of the damages, but its probative force is a question for the jury.

3. Where, in a suit for trespass upon grazing land, it appeared that, after the trespass and during the same season, the plaintiff acquired the use of another tract of land by permitting its owner to use the land trespassed upon; *Held,* that plaintiff's right to recover anything was not dependent upon his proving the value of the use of the other tract, and an instruction making such proof a condition to recovery was erroneous.

4. Alleged error in modifying a requested instruction cannot be considered where the fact of modification and exception thereto appears only by a statement to that effect in the motion for new trial.

5. The intentional or wilful doing of the act with the knowledge that the land is not public, but belongs to a private owner, constitutes the foundation of the liability of one who drives his live stock upon uninclosed lands.

6. In a suit for damages for the intentional driving of live stock upon private uninclosed land and depasturing the same, it

is not necessary to prove notice from the owner where the facts of the case, independent of such notice, establish defendant's knowledge of the private ownership.

7. One cannot escape liability for an act of wilful trespass upon private lands, whether inclosed or uninclosed, on the ground that, though he knew they were private lands, he did not know who the owner was.

8. An instruction in relation to exemplary damages is properly refused where the evidence does not warrant it.

9. Where a lease of grazing land is taken in the name of a partner for the benefit of the firm, the latter as tenant may recover in trespass for the injury to its possession caused by an unlawful depasturing of the land.

[Decided June 5, 1907.]                    (90 Pac., 375.)

Error to the District Court, Uinta County, Hon. David H. Craig, Judge.

The material facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error, argued and contended that the instructions erroneously stated the law of the case, and that error was also committed in refusing to instruct as to exemplary damages, citing Cosgriff v. Miller, 10 Wyo., 190.

*Hamm & Arnold,* for defendants in error, contended that permanent damage to the realty is alleged, which is only recoverable by the holder of the legal title; and that the tenant is the partner holding the lease, not the firm. That the partnership cannot hold real estate, and this being an action at law must be prosecuted in the name of the partner to whom the land was leased, if the tenant is to recover at all. (Citing 22 Ency. L. (2d Ed.), 97; 22 Ency. Pl. & Pr., 156, 157; 16 id., 905; Leebick v. Bank, 155 Ala., 447; Nave v. Hadley, 74 Ind., 155; Goldthwaight v. Janney, 48 Am. St., 64; Otis v. Sill, 8 Barb., 102; Hale v. Hendley, 27 Am. Dec., 293; Coles v. Coles, 15 Johns., 159; Andrews v. Brown, 21 Ala., 437; Miller v. Proctor, 20 O. St., 448.)

POTTER, CHIEF JUSTICE.

This suit was brought by Painter & Company, a partnership, to recover damages for an alleged trespass by the sheep of defendant resulting, as alleged, in the destruction of the grasses and herbage upon a certain section of uninclosed land of which the plaintiff is alleged to have been in possession under a lease held in the name of one of the members of the firm for the firm's use and benefit. The defendant is also a partnership and was sued in its partnership name. Both parties were engaged in the sheep business, and it appears that the section of land in question had been leased for grazing purposes and for special use by the plaintiff during the lambing season, in connection with their business of raising sheep; and it is specially alleged in the petition that the land was valuable as a lambing ground and was kept and cared for by the plaintiff for that purpose. It is alleged that the defendant was the owner of upwards of five thousand sheep and that from the 28th day of April to the 1st day of May, both inclusive, 1904, the defendant unlawfully and knowingly, carelessly and wantonly drove, herded, kept and grazed their sheep upon plaintiff's said land and thereby consumed, trampled down and destroyed all of the grass, pasturage and herbage growing thereon, rendering the same valueless during that season to the plaintiff for any purpose and particularly for use by plaintiff as a lambing ground, to plaintiff's damage in the sum of $1,500. A judgment for that sum was demanded. The answer admits that the defendant is a partnership and denies generally the other allegations of the petition. A jury trial resulted in a verdict for the defendant, which was followed by judgment in their favor, and the plaintiff complains of that judgment on error.

It appears from the evidence that since 1902, including 1904, the plaintiff firm had annually leased the land in question, paying the rent therefor and using it for partnership purposes, taking a written lease in the name of Thos. Painter, a member of the firm and one of the managers of

its business; that at the time stated in the petition a herd
of sheep belonging to defendant had been allowed by the
herder in charge of them to graze on the land, but there is
some conflict as to the extent of such grazing, and the dam-
age done.   The plaintiff claimed and introduced evidence
tending to show a very substantial injury, its witnesses tes-
tifying that defendant's sheep had eaten practically all the
grass, and thereby destroyed the value of the land for that
season for grazing purposes and rendered it unavailable for
use by the plaintiff as a lambing ground; and the value of
the grass so destroyed was estimated by such witnesses at
from three hundred to five hundred dollars.   The defendant
on the other hand brought out the fact that in the fall of the
same year the plaintiff had its sheep on the land, and that
shortly after the alleged trespass a third party, also a sheep
owner, used the land for grazing and lambing purposes, by
permission of plaintiff, in exchange for the use by plaintiff
for the same purposes of a tract of one hundred and sixty
acres belonging to such third party.   The defendant also
produced other evidence contradictory to some extent at
least of that introduced by plaintiff respecting the condition
of the plaintiff's land after the time of the alleged trespass.

The trial court adopted the view as shown by an instruc-
tion to the jury that it was incumbent upon the plaintiff,
as a condition precedent to recovery, to prove specifically
the value of the land which it had obtained and used in
exchange for its land.   The instruction referred to was
given at defendant's request over the objection of the plain-
tiff and is here assigned as error.   It reads as follows:  "The
court instructs the jury if they find from the evidence in
this case that the trespass as alleged in the petition was
committed by the defendant and that there is evidence
tending to prove the amount of damages to the plaintiff
for the year 1904, and if you further find that after such
trespass was so committed the land was valuable for
lambing or grazing purposes and that the plaintiff derived
any benefit during that particular year therefrom, either by

lambing and grazing its sheep upon the land or by permitting others so to do in exchange for other land used by it for lambing or grazing purposes, then, before you can find for the plaintiff, you must find from the evidence the value of such lands or the lands exchanged therefor to the plaintiff and deduct it from any damages you may find the plaintiff sustained as shown by the evidence in this case; and if you cannot find from the evidence the difference between such alleged and proven damages and the value of said or other lands traded for them to the plaintiff in that year, then the plaintiff has failed to prove its case and it will be your duty to find for the defendant."

The circumstances alluded to in the above instruction that, notwithstanding the trespass, the land of plaintiff retained a value for lambing or grazing purposes, which was taken advantage of by plaintiff in the manner stated, was of course material as bearing upon the nature and extent of the injury and the amount of the damages, but its probative force should have been left to the jury upon all the evidence in the case. The instruction requires an exactness in the proof on an incidental matter not warranted by the law, and goes too far in making plaintiff's right to recover anything depend upon proof of the value of the other tract, and, in effect, casting upon the plaintiff the burden of showing that value. It also invades the province of the jury, and is misleading in its application to the testimony. Defendant had not supplied plaintiff with the other tract, and had it done so and wished credit for its value the burden would have rested upon it to make the proper showing. But defendant was contented to have the mere fact appear that plaintiff had used other land derived from another party in exchange for the use of its land, without any attempt to show the pecuniary value of the grass remaining on plaintiff's land after the trespass, or the value of the use by plaintiff of the other land. It was willing apparently to allow the jury to make such deductions from the evidence as it might be able to do, in refer-

ence to the condition of plaintiff's land, and the extent of the injury. Had defendant desired the jury to be furnished with more definite information concerning the value of the subsequent use of plaintiff's land, or the value of the land plaintiff had occupied, it should have produced such information.

The case, however, was not lacking in evidence upon the subject, though the specific value of the tract used by plaintiff was not shown. As tenant and entitled to the possession of the land trespassed upon and the use of the grass and herbage thereon, the plaintiff, if entitled to recover at all, was entitled to recover for the injury to its possession and its rights as lessee, which would be the value of the grass and herbage destroyed, in the absence of any element of special damage. Plaintiff introduced evidence tending to show such value in the regular way. The witnesses testified to the condition of the land before and after the trespass, and, according to their testimony, the grazing of defendant's sheep resulted in practically destroying the grass and rendering the land unavailable for grazing and lambing purposes for that season. Such witnesses further testified to the value of the grass and herbage before and after the trespass, and the difference in the value resulting therefrom. Moreover, one witness, a member of the plaintiff firm, had his attention called, on cross-examination, to the fact of the subsequent use of the land, and the plaintiff's use of another tract, but, in the face of those facts, and taking them into consideration, he testified that the injury to plaintiff's land amounted to five hundred dollars, the amount stated by him on direct examination. He partially explained that by stating that the party using plaintiff's land had fewer sheep, and that plaintiff had suffered losses from being cramped for room in handling its sheep on the smaller tract which it had been compelled to use on account of the trespass. The jury were entitled to take into consideration, in connection with the other evidence, the facts mentioned in the instruction as to the use of the two

tracts of land; the whole matter should have been sub-
mitted to them for their determination as to the amount
of damages upon such evidence as was in the case, if they
found that the trespass had been proven under such cir-
cumstances as to render the defendant responsible for the
injury committed. The instruction was not only misleading
upon the evidence, but it erroneously interpreted the law
as to the burden of proof in relation to the matter referred
to, besides introducing a rule of recovery as well as of
damages manifestly incorrect. That it was prejudicial is
obvious.

The modification of plaintiff's requested instruction num-
ber four (4) is assigned as another ground of error, but the
record does not disclose either that that instruction was
modified or that an exception was taken to it as given. A
statement to that effect appears in the motion for new trial,
but that is insufficient. The matter is not properly before
us, therefore, for consideration.

It is contended that the court erred in giving defendant's
requested instruction number four, reading as follows:

"The court instructs the jury that if the plaintiff has
failed to prove that notice, either verbal or written, was
given to the defendant, its agents or employees, prior to the
time of the alleged trespass, and that the defendant had no
knowledge as to whose lands they were on at the time the
alleged trespass was committed, then the defendant did
not knowingly, wilfully and maliciously commit a trespass
as against the plaintiff and the plaintiff cannot recover on
that ground."

The instruction is clumsily constructed, and for that
reason rather confusing. The subject of the notice is not
stated, but it doubtless refers to plaintiff's interest in the
land, or a protest against its use by defendant, and we sup-
pose it was so understood by the jury. The use of the
word "maliciously" connected with the concluding remark
that plaintiff cannot recover "on that ground" offers an
opportunity for conjecture as to whether the instruction

was intended to affect the general right of recovery or merely the liability of defendant on the charge that its act had been done maliciously. Again, the jury are apparently informed that a failure of plaintiff's proof to show the giving of notice and to negative knowledge on defendant's part would defeat recovery, though we suppose it was intended, and it was doubtless understood, as requiring plaintiff to show both notice to and knowledge by the defendant of plaintiff's interest in the premises.

However, as the court refused to instruct, when requested to do so by plaintiff, upon the subject of exemplary damages, we conclude that the purpose of this instruction was not confined to a malicious trespass, but that it was understood to deny any right of recovery if it appeared that there had been a failure in the proof as to either notice or knowledge.

There is no legal support for the theory that, before one can be made to respond in damages for driving live stock upon private uninclosed lands, he must not only have had knowledge of the private ownership of the land, but must be shown also to have had notice thereof from the owner. This court said in Healy v. Smith, 14 Wyo., 263: "The owner of uninclosed lands is presumed to know that certain kinds of live stock are allowed by law to run at large, and that such animals will likely wander upon his ground; and he is, therefore, held to assume the risks of such trespasses by the act of leaving his premises open and unprotected by a lawful fence. But one may not avoid liability for wilfully driving cattle or sheep upon the premises of another, though uninclosed, knowing the same to belong to a private owner; and especially is that true when it is known that the land owner has forbidden such acts." In Cosgriff v. Miller, 10 Wyo., 190, it was said that the law did not permit the owner of sheep or cattle to wilfully and knowingly drive them upon the premises of another, though uninclosed. In that case the additional fact of notice appeared, and it was held that where one, knowing uninclosed lands to be

the property of another, deliberately and intentionally drives his stock thereon, and depastures the same, over the protest or against the expressed will or consent of the land owner, he is guilty of actionable trespass, and is liable in damages for the injury done. There was also notice and protest in the case of Healy v. Smith, *supra*. It is a mistake to suppose, however, that either of the cases above cited require a notice from the owner to a defendant in addition to knowledge on his part to render him liable for a wilful trespass upon uninclosed lands. In Haskins v. Andrews, 12 Wyo., 458, this court said with reference to the rule that no trespass is committed when animals lawfully running at large wander upon and depasture the uninclosed lands of a private owner, that it does not permit the live stock owner to escape liability for a wilful and deliberate trespass on his part, "and hence if he wilfully and knowingly drives his animals upon the land of another, whether the same be inclosed or uninclosed, he will be liable for the damages so caused."

We have never held, nor is there any reason or authority for holding, that the owner of uninclosed lands, in the absence of personal notice or protest, extends an invitation to one with knowledge of the private ownership of the lands to drive his sheep or cattle thereon and intentionally depasture the same. There is no distinction in this respect between grazing or pasture lands and lands used for the cultivation of more valuable crops held in private ownership. Surely it would not be contended that a party with knowledge of the private ownership of uninclosed land upon which a crop of grain is growing could, notwithstanding such knowledge, deliberately enter upon the premises and gather the crop, or otherwise convert it to his own use, and escape liability for damages on the ground that he had not received a notice from the owner. The intentional or wilful doing of the act with knowledge that the land is not public, but belongs to a private owner, constitutes the foundation for the liability of one who drives his stock upon the land. Notice is always, no doubt, a material circumstance as tending to show know-

ledge on the part of a defendant sued for such trespass, and
the absence of notice may under varying conditions have a
contrary tendency. But where the facts of the case, inde-
pendent of the giving of notice, establish defendant's
knowledge of the private ownership of the land, it is clearly
immaterial whether he had received notice from the owner
or not.

The instruction is objectionable for another reason. It
states in effect that if defendant had no knowledge as to
*whose* lands its sheep was on, then the trespass would not
be knowingly or wilfully committed. Thus it seems to re-
quire as essential to plaintiff's recovery a showing that the
defendant had knowledge not only that the lands belonged
to a private owner, but that they were the lands of the
particular plaintiff. We do not think that the law allows
one to escape liability for an act of wilful trespass upon
private lands, whether inclosed or uninclosed, on the ground
that, though he knew they were private lands, he did not
know who the owner was. If he knows that the lands are
held in private ownership, and, having that knowledge, in-
tentionally drives his stock upon and depastures the lands,
he will be responsible to the one entitled to recover for such
an injury.

Error is assigned upon the refusal of the court to give two
other instructions requested by the plaintiff. One of them
related to exemplary damages and authorized the assessment
of such damages if it should be found that the trespass had
been committed in a wanton or wilful manner. We need
not discuss that instruction further than to say that it might
have been properly refused, and we suppose it was, on the
ground that the evidence did not warrant it. For the same
reason we think that the other instruction, plaintiff's request
number seven (7), was also properly refused. By it plain-
tiff endeavored to have applied a rule adopted in the case of
Cosgriff v. Miller, *supra,* which was clearly applicable to
that case, where the defendants had grazed their sheep in-
discriminately over a certain well-defined territory and upon

every section of land therein, and necessarily upon the alternate sections, which they knew to belong to the plaintiff. That fact was held sufficient to show an intention to depasture the lands of the plaintiff in that case, though there were no markings separating the plaintiff's lands from the alternate government sections. We do not observe a similar condition in the evidence here, nor anything that would have justified the instruction.

Defendant in error contends that there could be no recovery by plaintiff in any event on the ground that this is a suit for injury to realty, and the damage, if any, was to the holder of the legal title, or at least the individual lessee. It is clear, however, that neither by the petition nor upon the evidence was a recovery sought for an injury other than that affecting plaintiff's right to possession or its rights as a tenant under the lease. Though the lease was taken in the name of a member of the firm, it was alleged in the petition, and proven by uncontradicted evidence that the lease was taken and held for the sole and exclusive use and benefit of the firm. The injury alleged was the destruction of the pasturage upon the land for the year 1904, the period covered by the lease; and the only actual damage sought to be proven was that suffered by the plaintiff as tenant for that year in relation to its right to the use and benefit of the pasturage. Upon proof of such an injury under circumstances sufficient to charge the defendant with liability the plaintiff would be entitled to recover. Upon the trial the evidence as to damages was limited to the value of the grass and herbage destroyed for the year in question.

For the errors in the instructions above pointed out the judgment will be reversed and the cause remanded for a new trial.                    *Reversed and remanded.*

SCOTT, J., and MATSON, District Judge, concur.

BEARD, J., did not sit, having announced his disqualification. HON. R. N. MATSON, Judge of the First Judicial District, was called in and sat in his stead.