[APRIL TERM, 1918.]

## HOGLAN v. GEDDES.

(No. 890; Decided April 22nd, 1918; 172 Pac. 136.)

JUDGES—SUBSTITUTE JUDGE—WAIVER OF OBJECTIONS—CONSTITUTIONAL LAW—SELF-EXECUTING PROVISIONS—AUTHORITY TO CALL IN SUBSTITUTE JUDGE—AUTHORITY OF SUBSTITUTE JUDGES—APPEAL AND ERROR—BILL OF EXCEPTIONS—MATTERS NOT IN RECORD—SEPARATE SESSIONS OF COURT AT SAME TIME AND SAME DISTRICT.

1. Where the district judge of a district wherein a cause is pending makes an order, under conditions authorizing it, transferring the cause to the judge of another district who presides at the trial, without objection to his authority, all objection to his authority is waived.

2. Objections to the authority or jurisdiction of a substitute judge must be seasonably made and cannot be made for the first time on appeal or in the motion for a new trial.

3. Const., Art. V, Section 11, providing that "the judges of the District Courts may hold courts for each other" is self-executing and confers authority on the judge of one district to call in the judge of another district to try causes therein pending without reference to statute and independent of request or reason for substitution.

4. Comp. Stats 1910, Section 912, providing that "when from any cause" a district judge is unable to try a cause, he shall call upon a judge from another district to preside thereat, authorizes a judge to call in another judge whenever he deems the cause sufficient.

5. An order by the judge of a district referring a cause therein pending to the judge of another district for trial, which recites that the regular judge of the district is otherwise occupied, is sufficient under Comp. Stats. 1910, Section 912, to confer authority upon the substituted judge to try and determine the cause.

6. Where no time had been granted within which to present a bill of exceptions, and the court so certifies when the appeal is presented to him for allowance, and also certifies to the contents of the bill, but does not allow the same, it cannot be considered as a bill of exceptions, and the matters therein contained do not become a part of the record.

7. Where objection is made to authority of a substitute judge because the regular judge was trying a case at the same time, facts in support of objection must appear from the record of the trial as shown by a bill of exceptions; statements in notice of motion for a new trial and affidavits in support thereof are insufficient.

8. Where a district judge presides at a trial in another district upon an order made by the regular judge thereof, the holding of court by the regular judge at the same time does not invalidate authority of the substitute judge, whatever effect it may have on the proceeding in which the regular judge is sitting.

Error to District Court, Sheridan County; Hon. E. C. Raymond, Judge.

Action by Laura G. Geddes against M. C. Hogland. Judgment for plaintiff and defendant brings error.

*F. W. Byrd,* for plaintiff in error.

The single question presented by the record is whether the regular judge of the district may for convenience alone call in another judge to try a case while at the same time and in the same county and court house the regular judge is engaged in the trial of another case, which required the services of all of the court officials of the county, thus depriving appellant of the benefit of their presence and services during the trial of this case. Mere convenience is not sufficient ground to divest the regular judge of authority and jurisdiction over a case pending in his district, so that any decision made by the substitute judge is *coram non judice,*

since there was no legal court for the substitute judge to hold. Section 2, Chapter 129, Laws 1913, merely authorized the holding of court in different counties of the district at the same time and for that purpose the calling of a judge from another district to preside in one county. For many years this authority was denied. (Stirling v. Wagner, 31 Pac. 1032 (Wyo.) Nor can Section 912, Comp. Stats. 1910, apply, since it merely authorizes the calling of a substitute judge in case of the disability of the regular judge. This court has held in Ross v. State, 57 Pac. 933, that it is probably true that two courts or two terms of the same court could not legally be in session in the same county at the same time. The District Court of a district consists of one judge, and we do not believe that the regular judge of a district can for mere convenience call in another judge to try cases at the same time and in the same county where he, the regular judge, is engaged in trying cases in a different room in the same building.

*R. E. McNally,* for defendant in error.

Judges may hold courts for each other. Const., Art. V, Sec. 11; Comp. Stats., Sec. 912; Chapter 129 of the Laws of 1913, are neither amendatory nor inconsistent, with the foregoing provisions of the Constitution and statutes. The contention that the order of reference was made by Judge Parmelee for convenience alone is not correct. The order recited that Judge Parmelee was otherwise occupied, hence the order was within the authority conferred by Section 912, and being otherwise occupied, it would, of course, be impossible for him to appear in the case at the bar. The regular judge can better determine whether it is impossible for him to try a cause than any other. The trend is away from technical burdens of procedure in the administration of justice. This is clearly indicated by Chapter 64 of the Laws of 1915 authorizing a judge at any time on his own motion to make an order for a change of judge or a change of venue, when the ends of justice may be promoted thereby. The objection was first raised in the motion for a new

trial supported by an affidavit. This was insufficient to present the question. The proceedings before the substitute judge were regular, and the parties were not deprived of the services of the regular court officials. It was decided in Ross v. State, 8 Wyo. 389, 57 Pac. 924, that two judges might exercise the functions of the same court at the same term, and that there would seem to be no obstacle in the way other than whatever inconvenience might arise in obtaining juries in cases where juries might be required. The same principle was decided in Stirling v. Wagner, 4 Wyo. 11, 31 Pac. 1128. Assuming that the substitute judge had acquired jurisdiction and was engaged in the trial of this cause, it seems illogical to contend that the regular judge could invalidate the proceedings by merely conducting a hearing in another matter at his chambers in the same building. If there was anything in the contention it might affect the hearing had before the regular judge at his chambers, but certainly not the trial before the substitute judge, a point which we by no means concede. (Territory v. Armijo (N. M.), 89 Pac. 268; In re. Dossett, 37 Pac. 1069 (Okla.) The point is not properly presented by the record.

*F. W. Byrd*, in reply.

It is conceded that some reason should be assigned by the regular judge for calling in a substitute judge, but the fact that he was otherwise engaged does not meet this requirement. It is only when the regular judge is unable to act that substitution can be made. (Sec. 912, Comp. Stats. 1910.) The fact that the regular judge was otherwise engaged would have the same application to every case on the docket, except perhaps the one he might be trying at the time. Section 912 confers all the jurisdiction, power and authority possessed by the judge of the District Court upon a substitute judge when called, hence no jurisdiction or authority was left to be exercised by the regular judge of the district for the time in that county. The act of 1915 may be involved only when the ends of justice may be promoted thereby and there is nothing connected with this case justi-

fying the change, under that section. Counsel for defendant argues at length upon what the law ought to be, but we will be content with an interpretation of existing laws. Lay minds must continue making laws under our system. It is not the function of the courts. The quotation from the language of Judge Corn in Ross v. State, referred to by counsel, seems to be dictum... There was no legal justification for calling a substitute judge. The trial by the substitute judge was *coram non judice*.

POTTER, CHIEF JUSTICE.

This case is here on error. The plaintiff in error was defendant in the court below, and upon a jury trial of the cause there was a verdict against him and a judgment thereon for $500 and costs. The proceeding in error is brought to reverse that judgment. The action was brought and tried in the District Court in Sheridan County. That county is one of the counties of the Fourth Judicial District, but Judge E. C. Raymond, judge of the Seventh Judicial District, presided at the trial, ordered judgment on the verdict, and heard and overruled defendant's motion for a new trial, pursuant to an order of the judge of the Fourth District calling and assigning him to hear, try and determine the case.

It is contended as the only ground relied on for a reversal that Judge Raymond was without authority to preside at the trial or to hear and determine the cause. The contention is based on two grounds: First, that the order aforesaid of the regular judge of the district stated an insufficient reason for calling in another district judge. Second, that while the trial of this case was proceeding before Judge Raymond in the court room of the court house in Sheridan County Judge Parmelee, judge of said Fourth District, was holding court and engaged in the trial of another case in another room of the court house.

The order of Judge Parmelee calling upon Judge Raymond to hear and determine the case recited as the reasons therefor that Judge Raymond was in the district at the time, that the judge of the Fourth District was otherwise occu-

pied, "and it appearing that it would better suit the convenience of the parties and the court."

The Constitution provides: "The judges of the District Courts may hold courts for each other and shall do so when required by law." (Art. V, Sec. 11.) It is provided by statute (Sec. 912, Comp. Stat. 1910) as follows:

"The judges of the several District Courts shall hold courts for each other, when from any cause, any judge of a District Court is unable to act or to hear, try or determine any cause, or to hold any term or portion of a term of any District Court in his district; and in such event the judge so disqualified or unable to act shall call upon one of the other judges of the District Court to hear, try and determine such cause, or to hold such term or portion of a term of court, and the said judge so called upon shall try, hear or determine said cause, or hold such term or portion of a term, with all the jurisdiction, power and authority possessed by the judge of the District Court of the district whereto he is called to act as judge."

Thus the Constitution expressly authorizes a district judge to hold court for another, and declares it his duty to do so when required by law. And the statute so requires when he is called upon by the judge of another district who, *from any cause,* is unable to act, or to hear, try or determine any cause, or to hold any term or portion of a term. Being qualified, as the judge of one district, to hold court for another district judge in his district under conditions authorizing it, and having assumed authority and jurisdiction to preside at the trial of this cause upon an order of the judge of the district wherein the cause was pending, Judge Raymond was at least a *de facto* judge in the trial and determination of the cause. And any objection to his acting on the ground that he was without authority or jurisdiction would be waived unless seasonably made. That is the general rule as to special or substitute judges where there is authority by constitution or statute for their selection. The rule is stated in 23 Cyc., at page 616, as follows: "Objections to the authority of a special or substitute judge.

may be waived by act or omission of the party, and ordinarily such objections are waived where they are not promptly made. The objection should be made at or before the trial, and cannot be made for the first time on appeal." And, in a note to the case of Tillman v. State (58 Fla. 113, 50 So. 675, 138 Am. St. Rep. 100, 19 Ann. Cas. 91, on page 94), preceding the citation of a large number of cases in support of the rule, it is stated as follows: "The general rule is that an objection to the jurisdiction of a special or substitute de facto judge may be waived, either by consent of the parties, or by proceeding in the cause, before such judge, without making objection to his jurisdiction." (See also 15 R. C. L. 516; Whitesell v. Strickler, 167 Ind. 602, 78 N. E. 845, 119 Am. St. Rep. 524; State v. Van Wye, 136 Mo. 227, 37 S. W. 938, 58 Am. St. Rep. 627; Barden v. State, 98 Neb. 180, 152 N. W. 330; City of Oakland v. Hart, 129 Cal. 98, 61 Pac. 779; Lillie v. Trentman, 130 Ind. 16, 29 N. E. 405.)

The record here does not show that any objection was made to the authority or jurisdiction of Judge Raymond when the order aforesaid was made, or at the trial, nor until the filing of the motion for a new trial, which was too late. And, further, the objection made by the motion for new trial by alleging therein that said judge was without authority, as will later appear, is not before us for the reason that said motion is not in the record by proper bill of exceptions. But we need not rest our conclusion as to Judge Raymond's authority or jurisdiction entirely upon a waiver of the objection. The objection would not have been good at any time. The argument here in support of the objection that Judge Raymond was improperly called in is that the fact that the judge of the Fourth District was otherwise occupied was insufficient to authorize calling in a judge of another district. And it seems to be the thought and contention of counsel for plaintiff in error, relying upon the statute aforesaid, that unless the regular judge of a district is disqualified to hear a cause, or is or will be unable to hear it because of sickness or absence from the state or district,

the calling of another district judge is unauthorized. Counsel's theory is that under said statute providing that the district judges shall hold court for each other when from any cause a judge is unable to act, the cause must be one which disqualifies the judge or renders him physically unable to act.

However the statute might be construed, it is not the sole authority in the law for one district judge to hold court for another. The Constitution, as above shown, expressly provides that the judges of the District Courts may hold courts for each other, and further declares that they shall do so when required by law. We do not understand that the first or permissive part of that provision, the part declaring that district judges *may* hold courts for each other, requires any legislation to make it effective, but it is unquestionably, in our opinion, self-executing. And as a self-executing provision of the Constitution it confers all the authority necessary to uphold the jurisdiction of the judge who tried this cause.

A very similar provision in the Constitution of the State of Washington was held self-executing by the Supreme Court of that state. (State v. Holmes, 12 Wash. 169, 40 Pac. 735, 41 Pac. 887. See also Hindman v. Boyd, 42 Wash. 17, 84 Pac. 609; Bigcraft v. People, 30 Colo. 298, 70 Pac. 417.) The Washington Constitution provides that "the judge of any Superior Court may hold a Superior Court in any county at the request of the judge of the Superior Court thereof, and upon the request of the Governor it shall be his duty to do so." The court, in State v. Holmes, said: "We are of the opinion that the provision of the constitution empowering the judge of any Superior Court to hold court at the request of the superior judge of any county is self-executing. This provision not being a limitation, but being in the nature of a legislative enactment, it follows that, if the enactment could be sustained and made self-executing if it had been a statutory enactment, it is self-executing as a constitutional enactment." A district judge is not *required* to hold court for another except when

called upon as provided by the statute. But he *may* do so without reference to the statute, by virtue of the constitutional provision so declaring. We do not suppose that a judge would assume to act for another without a request that he do so, but such a request is not made a condition of the authority conferred by the Constitution, unless by implication, and we are inclined to the opinion that, if necessary, a request might be presumed.

The latter part of the constitutional provision, making it the duty of district judges to hold courts for each other when required by law, would not be effective in the absence of legislation placing that duty upon the district judges either generally or under prescribed conditions. And we think it would not be difficult, if necessary to be decided in this case, to find sufficient authority in the statute for the order calling upon Judge Raymond to hear, try and determine the cause. The statute was evidently enacted to render effective the provision of the Constitution aforesaid declaring it the duty of a district judge to hold court for another when required by law. The provision of the statute is that "when from any cause" any district judge is unable to act, or hear, try or determine any cause, the judges of the several District Courts shall hold courts for each other. And the same language is used with reference to the holding of a term or a portion of a term. "Any cause" is a comprehensive term, and in this statute it is not preceded by any words of limited meaning which might narrow or control its interpretation. But as found in the statute it is unlimited and unqualified. And it is not clear at least that the statute might not reasonably be construed as requiring a district judge to hold court for another when, from any cause deemed sufficient by the judge of the other district, he calls upon another judge to hold court for him. Nor is it clear that if a judge, though not disqualified or physically unable to act, is so occupied with other matters which may properly demand his attention at the time, without interfering with a hearing or trial of a case in his court by another judge, that may not be considered a cause rendering him

unable to act, strictly within the meaning and purpose of the statute.

The point that Judge Parmelee of the Fourth District was holding court in another room of the court house and engaged in the trial of another cause during part of the time that Judge Raymond was presiding in the trial of the case at bar in the court room is not raised by the record here. The fact is not otherwise stated except in the motion for new trial, and an affidavit in support thereof, which we find among the original papers and also as a part of what is entitled "Bill of Exceptions." As frequently held by this court, a motion for new trial does not become a part of the record unless incorporated in a bill of exceptions. And the so-called bill in this case does not appear to have been allowed or ordered to be made a part of the record as such. Nor does it appear that any time was granted when the motion for new trial was overruled, or at any other time, for reducing the exceptions to writing.

The motion for new trial appears to have been heard and overruled April 10, 1916, and the bill of exceptions appears to have been presented to the trial judge on May 29, 1916. The certificate of the judge to that bill recites that the bill was presented on May 29, 1916, and he certifies that it contains the order of the judge of the Fourth District assigning the cause to him for trial, a copy of the judgment and verdict of the jury, the motion for a new trial, the affidavits in support thereof and in opposition thereto, and the order overruling the motion and fixing the amount of bond for stay of execution. And he further certifies "that no other order fixing the time within which to present a bill of exceptions was made in said cause." It will be noticed that in this certificate the judge does not state that the bill was allowed or that it was ordered to be made a part of the record as a bill of exceptions. And it clearly shows that no order was made granting time to present a bill for allowance, for it is stated in the certificate that no other order was made fixing a time for presenting a bill, and neither in the order overruling the motion for new trial nor else-

where in the bill or record proper is it shown that such time was asked for or granted. The judge evidently did all that he felt authorized to do by certifying that the several papers contained in the bill as presented were what they purported to be, and that he intended no more than that by signing the presented bill is apparent, we think, from the fact that it is stated in the first part of the so-called bill that on the date of the overruling of the motion for new trial plaintiff in error was given until the first day of the next term of the court to prepare and file his bill of exceptions, and that the judge does not certify to the truth of that statement, but confines his certificate to stating that the bill as presented contains certain papers, adding thereto that no order, except as shown by those papers, was made fixing a time within which to present a bill, and his certificate omits a statement or order allowing the bill. Upon these facts as to the presented bill we think it cannot be considered as a bill of exceptions making the motion for new trial a part of the record. That it is necessary, when exceptions are not reduced to writing and tendered at the trial, that time be asked and granted therefor, and that the record must show that time was granted, was recently held by this court in International Harvester Co. v. Jackson Lumber Co., 170 Pac. 6.

But if the motion was a part of the record, the statement in the motion and supporting affidavit of the fact that the judge of the Fourth District was engaged in the trial of a cause or holding court at the time that the case at bar was being tried would not be sufficient. (Van Horn v. State, 5 Wyo. 501, 40 Pac. 964; Painter & Co. v. Stahley Bros., 15 Wyo. 510, 90 Atl. 375; Jenkins v. State (on petition for rehearing), 22 Wyo. 34, 135 Pac. 749, 134 Pac. 260.) In the case last cited this court said in the opinion: "The court or judge in signing a bill of exceptions certifies that the statements contained in the bill are true and that the objections, rulings and exceptions therein stated occurred on the trial; but he does not certify that the statements contained in an affidavit attached to a motion for new trial

are true or that the matters therein stated occurred on the trial. What occurred on the trial must appear by the bill and not by *ex parte* affidavits." And this is particularly applicable to this case, for, aside from stating in the motion that the regular judge was holding court in another room at the time of the trial of this case, the fact appears only by an affidavit of the defendant filed with and in support of the motion. In Oklahoma, where such fact was asserted only in a motion for new trial and in a subsequent motion for arrest of judgment, it was held insufficient, and that there should be record evidence of the fact to overcome the presumption of the regularity of proceedings in a court of record. (Johnson v. State, 1 Okla. 321, 97 Pac. 1059, 18 Ann. Cas. 300.)

Again, if it had been shown by the record that the regular judge of the district was holding court as alleged, that fact would not affect the jurisdiction of the judge who presided in the trial of this case, even if it be assumed that it would have been illegal or improper for both judges to separately hold court in the same county at the same time. The irregularity, if any, in such case, would affect only the case heard before the judge of the Fourth District. (15 R. C. L. 517; List v. Jockheck, 59 Kan. 149, 52 Pac. 420; Johnson v. State, supra; State v. Riley, 26 N. Dak. 236, 144 N. W. 107.) In List v. Jockheck, where it was claimed that while a cause was being tried before a special judge, court was being held in an adjacent room and other cases being tried by the regular judge, and that the special judge was therefore without jurisdiction, it was said: "If the record showed that the plaintiff had objected to this division of judicial authority, it would present a serious question, but it does not appear that such objection was made; besides, the question may well arise as to which of these judges was rightfully in the exercise of the authority to hold court. It would seem that, if the proceedings of either one should be declared void, or even erroneous, it would be the proceedings before the regular judge." And in Johnson v. State, supra, it was said that if it had been shown

that the regular judge was holding court in the same county at the time of the trial before the other judge, and that objection had been made in apt time, it would not have affected the powers of the special judge, and the above quoted language of the Kansas court in List v. Jockheck was approved. But attention was called to a provision of the Oklahoma Constitution that "two or more district judges may sit in any district separately at the same time," and upon that provision it was held that the regular judge and as many special judges as may have been appointed or selected may sit separately in the same district at the same time.

We are not to be understood as intimating that the judge of the Fourth District would have been without authority to hold court or hear another cause in another room of the court house while this case was on trial before the judge of the Seventh District. We express no opinion upon that question, for it is not before us. But it may not be improper to say that while there is authority to the contrary (see Baisley v. Baisley, 15 Ore. 183, 13 Pac. 888), there are a number of decisions to the effect that the regular and substitute judge may hold court at the same time, presiding in the trial of different cases. (Dial v. Comm., 142 Ky. 32, 133 S. W. 976; Pike v. City of Chicago, 155 Ill. 656, 40 N. E. 567; Wisner v. People, 156 Ill. 180, 40 N. E. 574; Wells v. People, 156 Ill. 616, 41 N. E. 161; Beach v. People, 157 Ill. 659, 41 N. E. 1117; Olliver v. State, 70 Tex. Cr. 140, 159 S. W. 235; Courtney v. State, 5 Ind. App. 356, 32 N. E. 335; and see Bigcraft v. People, 30 Colo. 298, 70 Pac. 417, and Ross v. State, 8 Wyo. 351, 57 Pac. 924.) In the case last cited, Mr. Justice Corn, delivering the opinion for this court, said: "We think it is very probably true that two courts, or two terms of the District Court, could not legally be in session in the same county at the same time. There is nothing in the record to show that the judge of that district was disposing of other business of the term while this trial was in progress. Though there would seem to be no obstacle in the way of his doing so, other than

some inconvenience that might arise in obtaining juries under the statute in cases where juries might be required."

In the Colorado case cited a statute seems to have authorized a district judge, when the accumulation of judicial business demands it, to request the assistance of the judge of another district to hold court for him, and the holding of sessions by the two judges in different rooms at the same time. And it was held that such statute was not in violation of a constitutional provision identical with Section 11 of Article V of the Constitution of this state. We do not suppose there can be any doubt about the right of a district judge in a county of his district where a cause is on trial before a judge of another district, to transact any business that may rightfully be performed out of court. The question sought to be presented here is whether he can separately hold court in the same county while a case is being tried before another judge, in the absence of a statute so providing. That question we do not decide.

The judgment will be affirmed.

BEARD, J., and BLYDENBURGH, J., concur.