Eric Dean TILLEY, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 95–64.

Supreme Court of Wyoming.

March 15, 1996.

Sylvia Lee Hackl, State Public Defender; and Deborah Cornia, Appellate Counsel, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Barbara L. Boyer, Senior Assistant Attorney General, for appellee.

LEHMAN, Justice.

Appellant Eric Tilley appeals his conviction of seven counts of making obscene phone calls in violation of W.S. 6–6–103 (1988), challenging the assignment of another judge prior to the sentencing hearing as well as the sentence itself.

We affirm.

Appellant raises two issues:

Issue I

Does Appellant's sentence of seven consecutive one-year terms in the county jail exceed the sentencing court's authority, violate Appellant's constitutional right to equal protection and humane treatment, and constitute an abuse of discretion?

Issue II

Did the district court improperly divest itself of jurisdiction to preside over Appellant's sentencing in this case?

### FACTS

In late 1993, several women complained to the police department about receiving sexually explicit and threatening phone calls wherein the caller would describe various sexual acts he would like to perform and, in several instances, threatened them with rape and other acts of violence. The caller reiterated

certain facts which made it apparent that he knew the individual women and had recently observed their activities. The calls were traced to appellant's house where, in the course of executing a search warrant, the police discovered numerous sexually explicit materials, some involving depictions of bondage and sadomasochism.

Appellant was charged with nine counts of making obscene phone calls in violation of W.S. 6–6–103. Eventually, appellant agreed to plead guilty to seven counts in return for the dismissal of two counts and a recommendation from the State for a suspended sentence and term of probation.

Prior to the sentencing hearing, the judge recused himself and assigned the case to another judge. No reason was given by the judge for this decision. At the hearing, there was testimony from the victims and their families on the impact appellant's crimes had on their lives. There was also evidence that appellant had contacted several of the victims after his arrest. The terms of his bond were amended to prohibit any further contact.

After hearing the testimony, the trial judge refused to accept the plea recommendation and sentenced appellant to consecutive one-year terms in the county jail for each offense. After this appeal was filed, the record discloses that a Motion for Sentence Reduction was granted on August 3, 1995, reducing the sentence to time served and placing appellant on six months supervised probation for each count, the terms to run consecutively.

## DISCUSSION

### A. Sentence

#### 1. Authority to impose the sentence

■ Appellant's principal argument centers around his complaint that his sentence exceeded the authority granted to the district court and was unconstitutional. At the outset, we note that appellant's sentence has, since the filing of his appeal, been reduced to time served and probation. However, as the original sentence may be reimposed in the event he should violate the terms of that probation, we will, in the interests of judicial economy, address his claims.

■ Appellant makes several arguments concerning the alleged impropriety of his sentence. First, he claims that seven consecutive one-year terms in the county jail exceed the legislatively authorized maximum for misdemeanor offenses. Appellant maintains that the maximum possible sentence, despite pleading guilty to seven separate counts, was one year in the county jail.

We find appellant's claim to be meritless. W.S. 6–6–103(a) provides:

A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he telephones another anonymously or under a false or fictitious name and uses obscene, lewd or profane language or suggests a lewd or lascivious act with intent to terrify, intimidate, threaten, harass, annoy or offend.

■ Appellant pled guilty to seven distinct counts. Each incident was a crime in and of itself, and each carried a penalty of up to one year in the county jail. Contrary to appellant's suggestions, there is nothing which prohibits a court from imposing consecutive penalties for misdemeanor convictions. The sentencing judge has discretion to determine whether sentences shall be served consecutively or concurrently. *Loper v. Shillinger,* 772 P.2d 552, 553 (Wyo.1989). We have also said that "[s]eparate penalties will ordinarily be exacted upon convictions for distinct offenses." *Kennedy v. State,* 595 P.2d 577, 577 (Wyo.1979); *see also Pearson v. State,* 866 P.2d 1297, 1299 (Wyo.1994). In this case, appellant pled guilty to seven distinct offenses and was given a term of incarceration within the legislatively authorized limit for each offense. The district court chose to impose consecutive terms, as was within its discretion, a sentence not beyond the authority granted in W.S. 6–6–103.

Appellant next claims that the district court, which heard the case because at that time there was no county court in the jurisdiction, exceeded the authority that a county court would have had in a misdemeanor case.

Appellant attempts to demonstrate that a county court cannot pronounce a sentence for a term greater than one year in the county jail and, consequently, the sentence imposed here exceeded that authority.

█ Again, we find little merit in appellant's argument. County courts have been granted jurisdiction over all criminal cases involving misdemeanors. W.S. 5–5–133 (1992). There is nothing which prohibits a county court from imposing consecutive sentences for multiple misdemeanor convictions. The authority to impose consecutive or concurrent sentences for offenses charged in separate informations or in separate counts of the same information is grounded in the common law. 24 C.J.S. *Criminal Law* § 1522 (1989). The power to pronounce consecutive or cumulative sentences exists for both felonies and misdemeanors. 21 Am. Jur.2d *Criminal Law* § 552 (1981). The legislature has not abrogated that authority in Wyoming; and, accordingly, a county court has the authority to impose the sentence given in this case.

### 2. Constitutional challenges

Appellant raises three constitutional challenges to his sentence. The first is his contention that the sentence constitutes cruel and unusual punishment in violation of Wyoming Constitution Art. 1, §§ 14 and 15 and the Eighth Amendment to the United States Constitution. He also alleges violations of equal protection: Amendment Fourteen to the United States Constitution and Art. 1, §§ 2, 3, 7, and 34 of the Wyoming Constitution. Finally, appellant contends that his sentence violates his right to due process and, thus, constitutes an abuse of discretion by the sentencing judge, although appellant does not cite a specific due process clause from either constitution in making this particular argument.

█ Dealing with each claim in turn, we begin with appellant's claim that his sentence results in cruel and unusual punishment. In support of his claim that "[t]he very fact that a person could spend seven years in a county jail shocks the conscience," appellant relies on the lack of rehabilitation, recreational and other programs which are generally available at the state prison. Additionally, appellant argues that the crime committed does not justify the sentence imposed and offers a proportionality analysis. *See Oakley v. State,* 715 P.2d 1374, 1376–77 (Wyo.1986). Appellant maintains that all three prongs of the proportionality test—(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions—support his position that his sentence constitutes cruel and unusual punishment.

In performing a review under the proportionality analysis, we need not consider the final two prongs, as a review of the record and the facts underlying appellant's crimes clearly demonstrates that the harshness of his penalty is more than justified by the gravity of his offenses. In *Pote v. State,* 733 P.2d 1018 (Wyo.1987), we quoted with approval from the United States Supreme Court in *Solem v. Helm,* 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983):

> We agree, therefore that, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare," * * *. This does not mean, however, that proportionality analysis is entirely inapplicable to noncapital cases.
>
> In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* unconstitutional.

733 P.2d at 1023.

Appellant's phone calls would typically describe various sexual acts he envisioned performing with the victim. Many of these calls involved threats of violence—bondage or rape. He would also relate personal infor-

mation about the victims which gave the impression that he knew them and had recently observed them. The result was to create a climate of fear for the victims and their families. As one victim stated:

> Before it was threatening me with, you know, tying me down, raping me, that type of thing. This [particular call] affected me because he [said he] did have a child tied to a chair [and] that he said he was [having sex].
>
> I have two small children. I have two girls, and it made me petrified not only for my safety but for my children's safety. He was right down the road from me. He works right across the road. It's something I think about daily. I will not let my kids go outside by themselves.
>
> You know, I feel like if he can think those things and say those things, he is capable of doing anything. I lock my doors, my windows constantly. My husband can go take the garbage outside, and I'm locking the door behind him because I'm scared.
>
> My husband purchased a gun for me.

There is similar testimony by other witnesses; and, as the testimony indicates, the victims' lives were severely disrupted, their normal activities curtailed out of fear, and they lived in constant trepidation that appellant would follow through on his threats. Indeed, the terms of appellant's bond were changed to prohibit contact with the victims in response to several instances of his following them, including one instance of his appearing at a victim's place of work *after* he had been arrested.

In *Pote,* we upheld a sentence in the face of a proportionality challenge because of the violent nature of the defendant's crimes. 733 P.2d at 1023–24. Here, appellant made numerous threats of violence, he tracked down victims when they went to stay with relatives and he created a climate of fear that dramatically altered the lives of these people and their families.

> Giving substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts are af-

forded, we cannot determine that the sentences imposed in this case were disproportionate to the crimes for which he was convicted.

*Pote,* 733 P.2d at 1024. Likewise, appellant's complaint about spending seven years in the county jail does not create a cruel and unusual punishment. The legislature has seen fit to punish this crime as a misdemeanor, and the trial court had the authority to sentence appellant to consecutive terms for each crime committed. Appellant's sentence is not cruel and unusual under the circumstances of this case.

■ Appellant claims that his sentence violates equal protection in that it allows a court to sentence a person to a term greater than one year in a county jail. Appellant argues that he is being treated differently than a person who is serving the same amount of time in the state penitentiary since those in prison are afforded opportunities such as good time, vocational and educational programs, merit programs, library and recreational facilities and therapy programs which are not available in the county jails. This disparate treatment of similarly situated persons thus renders a sentence in excess of one year in a county jail unconstitutional.

■ An equal protection violation requires, at a minimum, identification of a classification involving similarly situated persons who are being treated differently. *Kautza v. City of Cody,* 812 P.2d 143, 147 (Wyo.1991); *Garton v. State,* 910 P.2d 1348, 1356 (Wyo. 1996). Appellant attempts to liken prison inmates—felons—to inmates in the county jails—misdemeanants. We disagree that the groups are similarly situated. The legislature has seen fit to treat them differently, and it may do so without resulting in an equal protection violation.

■ Finally, in the realm of due process, appellant claims that his sentence constitutes an abuse of discretion because his conduct does not warrant the sentence imposed. We have previously held, in the context of our discussion on the cruel and unusual punishment claim, that appellant's sentence was appropriate. Similarly, for the reasons there enunciated, we find no abuse of discretion

and no violation of due process in the trial court's sentencing.

### B. Assignment of trial judge

 Three days prior to the sentencing hearing, the presiding judge assigned the case to a retired judge. Appellant contends that the original judge did not have the authority to do so and, consequently, the assigned judge did not have jurisdiction over him.

The Order of Assignment does not state a reason for the assignment, and the record is likewise silent. Appellant did not object to the assignment, although he had an opportunity to do so at the sentencing hearing. Therefore, our review is confined to a search for plain error. *Taul v. State*, 862 P.2d 649, 656 (Wyo.1993). Finding that appellant has failed to carry his burden of showing plain error, we must reject his argument.

There are several reasons why a judge might desire to assign a case to another judge, such as disability, W.R.Cr.P. 25, or because the judge has some interest in the matter, W.R.Cr.P. 21.1(b). Unfortunately, as noted above, there is no explanation for the assignment prior to sentencing. Be that it as it may, we find no error in the assignment based upon authority granted in our state's constitution.

> **District courts generally; judges to hold court for each other.**—The judges of the district courts may hold courts for each other and shall do so when required by law.

Art. 5, § 11, Wyoming Constitution. This provision is self-executing and allows district judges to sit for each other whenever necessary. *Hoglan v. Geddes*, 25 Wyo. 436, 443, 172 P. 136, 138 (1918). The legislature has the authority to determine when a judge *must* be recused from a case. Art. 5, § 11; *see* Keiter and Newcomb, *The Wyoming Constitution: A Reference Guide* 139 (1993). The constitution, on the other hand, allows judges to sit for each other without providing limitations. We need not decide today what, if any, limitations there are on the assignment of judges; it is enough for our purposes today to note that the assignment in this case was permissible within the scope of the constitutional provision. It would perhaps be better practice for a judge to state the reasons for his decision to assign a case, though it is not required. As we said in *Hoglan*:

> [A]s a self-executing provision of the Constitution it confers all the authority necessary to uphold the jurisdiction of the judge who tried this cause.

25 Wyo. at 443, 172 P. at 138.

### CONCLUSION

We find no infirmities, constitutional or otherwise, in appellant's sentence or in the assignment of the judge. Accordingly, we affirm.