ARNOLD et al. v. McTON OIL CO. et al.

No. 14996—Opinion Filed Feb. 3, 1925.

1. **Appeal and Error—Final Orders—Dissolution of Temporary Injunction.**

An order dissolving a temporary injunction or a restraining order may be final and appealable where the issues raised by the pleadings are of such character as will require a complete determination and adjudication of the rights of the parties on the hearing of the motion to dissolve.

2. **Judgment—Res Judicata—Dissolution of Injunction.**

Where a judgment has been rendered dissolving a restraining order or injunction, whereby a bank has been restrained from paying a certificate of deposit to the holder thereof, and the bank is ordered to pay the deposit to the defendant, and the cost of the action is adjudged against the plaintiff, and the restraining order has been granted on the sole allegation of plaintiff's petition that the holder is not a holder in due course, which is the only material allegation made authorizing a recovery, and the record shows that the order of dissolution was made on a formal hearing, wherein the question of whether or not the defendant was a holder in due course was adjudicated, with all parties concerned before the court, such judgment is final, and a motion to vacate, a subsequent judgment by default, based on the ground of res judicata is good.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by G. C. Arnold, for himself and as administrator of the estate of Jennie Arnold, deceased, against McTon Oil Company et al. From the judgment, plaintiffs appeal. Affirmed.

C. F. Green, for plaintiffs in error.

I. M. King and John P. Crawford, for defendants in error.

Opinion by JONES, C. This is an appeal from the district court of Pontotoc county from an order vacating a default judgment entered in favor of plaintiffs against the defendant W. J. Lane, for $1,000, with interest. The action was originally filed in said court on the 13th day of July, 1918, by G. C. Arnold and his wife, Jennie Arnold, against the McTon Oil Company and

the State Bank of Stratford, Stratford, Okla., to recover a certain sum of money, including two certificates of deposit for $1,000 each that had been issued to plaintiffs, the Arnolds, by the State Bank of Stratford, and which had been transferred to the Mc-Ton Oil & Gas Company for stock in said company. Subsequently plaintiffs filed an amended petition making various new parties defendants, one of whom was W. J. Lane, appellee herein. Plaintiffs allege that the stock sold to them was of no value, and that the defendant W. J. Lane, purchaser of one of the certificates of deposit for $1,000, had knowledge, or was possessed of facts sufficient to put him on inquiry of the fraud practiced by the McTon Oil Company against the plaintiffs, and further allege that the transfer of said certificate of stock was fraudulent, and that no valuable consideration was paid for same, and that the said W. J. Lane was not an innocent purchaser for value without notice, and prays for the issuance of a restraining order, or temporary injunction against the State Bank of Stratford, from paying either of said certificates.

Thereafter the said W. J. Lane appeared and filed motion to dissolve the restraining order alleging that he was the owner of certificate of deposit No. 327 issued by the State Bank of Stratford to the plaintiffs in the sum of $1,000, that he had purchased same prior to maturity, and for a valuable consideration, and was an innocent holder, and prays that said restraining order be dissolved, and that the State Bank of Stratford be ordered to pay him the amount due under said certificate, viz., $1,000. This restraining order, on hearing of the motion, was dissolved, and it appears from the record that immediately thereafter plaintiffs filed a petition praying that the Bank of Stratford be enjoined from paying, and the defendant W. J. Lane from receiving, the $1,000 evidenced by the certificate of deposit No. 327.

The court issued an order as prayed for, making the same returnable on April 19, 1920, and the matter was continued until April 30, 1920. Upon motion of defendant, W. J. Lane, the restraining order was dissolved. "And the court made an order directing the State Bank of Stratford to pay to the defendant, Lane, the said $1,000, and further ordered that plaintiffs pay the cost."

The record further discloses that C. F. Green, attorney for the plaintiffs, in response to a letter received from A. T. Snoddy, president of the State Bank of Strat-ford, concerning the matter, authorized the bank to pay the certificate of deposit No. 327 to the holder thereof, W. J. Lane, and under the order of the court and by reason of the letter authorizing said bank to pay same, the bank paid to W. J. Lane the $1,000 in controversy. No further pleadings were ever filed by the defendant Lane, but on October 23, 1920, plaintiffs took judgment against him by default in the sum of $1,000, with interest thereon at the rate of 6% per annum.

Thereafter, Jennie Arnold, one of the plaintiffs, died, and suggestion of her death having been made to the court, the action was revived in the name of G. C. Arnold as administrator on May 21, 1923; notice of the revivor was served on the defendant Lane, which, so far as the record discloses was the first notice he had of the judgment, and thereafter, on the 20th day of June, 1923, the said Lane filed a motion to vacate the judgment so rendered. On the 9th day of July, 1923, after hearing the evidence, the motion to vacate was by the court sustained, and it is from this judgment this appeal is taken. Appellant assigns various specifications of error, and urges the following proposition in support of his contention:

"A. That the court had no jurisdiction to hear said motion to vacate said judgment for the reason defendant did not comply with the statute in giving the notice to plaintiffs by summons as in the commencement of an action.

"B. That defendant failed to set forth the judgment sought to be vacated and also failed to verify his petition as provided by law.

"C. Error of the court in overruling the special appearance of plaintiffs in error, which plaintiffs in error presented to the court at the hearing upon said motion."

Under the first proposition the appellant contends that the motion to vacate being filed long after the term of court had expired, at which the judgment was rendered, that the court had no authority to vacate same on motion, and insists that under section 812, Comp. Stat. 1921, the only method by which the judgment could be attacked was by petition, and cites numerous authorities construing section 812, which provide for vacation of judgment by petition, the issuance of summons, etc. But the appellee contends that the statute and the authorities cited are not applicable for the reason that they are proceedings under section 811, which is as follows:

"Proceedings to be by Motion, When:

"The proceedings to correct mistakes or omissions of the clerk, or irregularities in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

And section 817, Id., among other things, provides that:

"* * * A void judgment may be vacated at any time, on motion of a party, or any person affected thereby"

—which authorizes attacking the judgment in this case by motion. It will be noted from a reading of the section that no special form of notice is required where the relief sought is by motion, and while the briefs do not disclose the character of notice given, if any, in this case, the judgment rendered by the court in passing upon the matter contains the following statement:

"Now on this the 9th day of July, 1923, same being one of the days of the May, 1923, term of this court, comes on for hearing, upon agreement of counsel and the waiver of the service of notice upon plaintiffs as to the time of hearing in the motion of the defendant, W. J. Lane, to set aside and vacate the default judgment heretofore rendered against him in this cause, in favor of the plaintiff on October 23, 1920."

This finding of the court, we think, is conclusive on this point, and estops appellant from raising the question of notice at this time.

The judgment of the court further discloses that there was a formal hearing, and evidence offered in same as shown by the following quotation:

"Thereupon the matter of the motion of the defendant, W. J. Lane, to vacate and set aside the above mentioned judgment was presented to the court, who after due consideration, and being well and sufficiently advised by argument of counsel and the evidence offered, finds and adjudges that the motion of said defendant, W. J. Lane, should be and is in all things sustained"

—showing that there was a formal hearing had.

Appellee calls attention to the following rule as announced in 23 Cyc. page 889:

"The power to vacate, open or set aside a judgment is a common law power inherent in courts of general jurisdiction, and may be exercised without the granting of special statutory authority. An application for this purpose is not in the nature of an appeal from the judgment, but is addressed to the equitable powers of the court, and is to be based upon a showing of good and sufficient grounds for the relief asked and granted only upon hearing the parties, and not in an ex parte or summary manner."

Under these authorities we think unquestionably the court had jurisdiction to hear and determine the motion to vacate the judgment, and it is evident that all the parties were in court and had due notice of everything that transpired, and we find no merit in the contention of the appellant as to the right to proceed by motion, and as to the character of notice given.

The appellee in his brief interposes a motion to dismiss the appeal upon the ground that an order vacating a judgment is not a final or appealable order, same being only interlocutory, and cites the case of the Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038, and numerous other Oklahoma cases, wherein the contention made by appellee has been sustained. However, the appellant files a reply brief wherein he calls attention to the case of Penn. Co. v. Potter et al., (now reported in 108 Okla. 49, 233 Pac. 700), overruling all cases cited in so far as they announce the rule that an order vacating a judgment and granting a new trial is not an appealable order. This case, however, does not seem to have been finally disposed of, and in view of the fact that we feel that this case may be very properly disposed of on another issue involved, we are withholding any ruling or opinion on the question involved in the case of Penn. v. Potter et al., and the other cases cited, and will proceed to a consideration of the second proposition urged, which raises the question of res judicata, and the appellee contends that the order dissolving the temporary restraining order heretofore referred to, was in this case a final order, and no appeal having been taken from same was a final disposition of every issue raised as between the plaintiff and the defendant W. J. Lane.

The appellant calls attention to the case of Consumers' Oil & Refining Co. v. Bilby et al., 91 Okla. 282, 217 Pac. 484, wherein this court held that an order conditionally dissolving a temporary injunction was not final or sufficient to base a plea of res judicata, but from an examination of that case, we do not find it in point; the order contains additional provisions placed upon the plaintiff, providing that in the event he performed such conditions the permanent injunction would not be granted, but having failed to comply with the requirements made by the court, the matter was afterwards presented to the court on motion of plaintiff for injunctive relief, and the same was granted.

The order in the Bilby Case, supra, clearly shows upon its face that it was not a final order, and that it left open for further consideration the material relief sought, but the facts surrounding the instant case we think are more nearly governed by the rule as announced in the case of Gallaher v. City of Moundsville (W. V. case) reported in 26 Am. St. Rep. p. 942, wherein the court announced the following rule:

"Order dissolving an injunction issued to prevent the issuing and selling of certain bonds of a municipal corporation, though not followed by a final judgment dismissing the bill, is conclusive in a subsequent suit brought to restrain the levy of taxes to pay such bonds and interest thereon, when all the grounds for the issuing of the injunction in the second suit were equally available against dissolving it in the first.

"If it is doubtful whether a second suit is for the same cause of action as the first, it is a proper test to consider whether the same evidence would sustain both, and what was the particular point or matter determined in the former action."

The above rule, we think, is based on good reason and applicable to the facts with which we are here confronted. In that case a temporary injunction had been granted restraining the issuance of certain bonds, and the right to issue the bonds was the only question involved, and the hearing on motion to dissolve necessarily determined the rights of the parties concerned, and the court held that the order of the trial court dissolving the injunction was a final judgment, and was a bar to any further prosecution of the action, and also calls attention to the fact that where the question is doubtful that it is a proper test to consider whether the same evidence would sustain both, etc. This test applies with great force to the case at bar, there being but a single question to determine, and the same evidence that governed the court in determining the question of whether or not he should dissolve the restraining order, which necessarily was based upon the question of whether or not the defendant Lane was an innocent purchaser of the bank certificate, would be the only evidence available and material on the trial of the case, to recover the $1,000 under the allegations of plaintiff's petition.

The record discloses in this case that the only allegation made authorizing a judgment to be rendered against the defendant W. J. Lane was that he was not a purchaser for value and in good faith, in other words that he was not an innocent purchaser of the bank certificate, and upon this theory the court granted a temporary injunction against the bank, and afterward a temporary restraining order against the bank and the defendant Lane, restraining the bank from paying, and the defendant Lane from receiving, the $1,000 due by reason of the bank certificate held by Lane, and upon hearing, according to the judgment of the trial court, evidence was offered, and the court being fully advised in the premises, the restraining order was dissolved, and the court further found and directed that the bank should pay to the defendant Lane the $1,000 as evidenced by the bank certificate, and also rendered judgment in favor of Lane for the cost of the action. The defense or reason interposed by Lane in his motion to dissolve was that he was a purchaser for value and without notice of any fraud connected with the exchange of the bank certificate for the stock in the McTon Oil Company. This involves the same question that would necessarily determine the right of the parties to recover in this action against the defendant Lane, and the court having heard the matter upon its merits evidently found the defendant to be an innocent purchaser, and directed the bank to pay defendant the $1,000.

The record further discloses the letter heretofore referred to, written by Mr. Green, attorney for plaintiff, to the bank, authorizing it to pay the money to Lane, recognizing the finality of the judgment, from which no appeal was taken. And it occurs to us that the same question being involved, governed by the same evidence, the same parties in interest, that the judgment of the court in dissolving the restraining order was in this instance a final judgment. It disposes of the entire subject-matter involved in the action, so far as this plaintiff and the defendant Lane are concerned, and left nothing to be further adjudicated between these parties on the final trial of the case, and we therefore hold that the judgment of the trial court in the injunction proceedings constitutes a bar to the judgment rendered by the court against defendant Lane in the final trial of the action between the plaintiff and the other defendants, and that the trial court was without jurisdiction to render the judgment which was rendered against defendant Lane, and that the order of the court in vacating the judgment was correct; and that the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 558; (2) 34 C. J. p. 764.